GRESSETT v. AGEE & DUMAS.

1. To render personal property liable to the debts of the person in possession, it is not necessary that the creditor should show an express contract, by

which the debtor obtained the possession. If he holds the possession, for the time specified in the act, the property becomes liable for his debts, unless the loan, &c. is reduced to writing, and recorded as the statute directs.

2. The death of a person claiming property in the possession of another, will not prevent the operation of this clause of the statute of frauds, or have any influence in the computation of the time, necessary to subject it to the debts of the possessor, if the possession commenced during his life, with his knowledge.

Error to the Circuit Court of Monroe. Before the Hon. J. Bragg.

THE defendants in error issued an execution against Benjamin M. Gressett, which being levied on certain slaves, they were claimed by the plaintiff in error, as the administrator of William J. Gressett, sr. deceased. An issue being made up, to try the right of property, it was shown that Benjamin M. Gressett sold the negroes to William J. Gressett, for a *bona fide* consideration before his death, and there was no evidence tending to impeach the sale as fraudulent. The claimant offered to prove that the sale was a matter of public notoriety in Claiborne, where the plaintiffs in execution resided. The plaintiffs in execution objected to this proof, the objection was sustained by the court, and the claimant excepted.

The plaintiff offered to prove the declarations of Benjamin M. Gressett whilst he was in possession of the slaves, but after the sale was made, tending to show that he claimed them as his own. The claimant objected to the question, but the objection was overruled. The witness then stated, that in the year 1844 or 1845, he heard Benjamin M. Gressett say, that the property he had, he intended to keep without any regard to his debts. To this testimony the claimant excepted.

The evidence tended to show that the negroes, after the sale, remained on the same part of William J. Gressett's plantation, that they did before the sale. That this part of the plantation, for some time previous to the sale, had been occupied by the defendant in execution, Benjamin Gressett, and

cultivated by him on his own account, and after the sale, he continued to live on the same place. In was also shown that William J. Gressett died in the year 1843, and that the slaves had been in the possession of Benjamin Gressett since that time, but the claimant had returned them as assets of the estate of William J. Gressett. The court charged the jury, that however fair the sale by Benjamin M. Gressett to William J. Gressett might have been, yet if they believed that Benjamin M. Gressett had been in the possession of the slaves for three years prior to the levy of the execution, without demand made for them, and pursued according to the statute, then the statute of frauds applied, and they must find for the plaintiff; and that the death of William J. Gressett in 1843, and the appointment of the claimant as administrator, and the appraisement as the property of the deceased, and the return made thereof by the administrator, could not defeat the operation of the statute. To which charge the claimant excepted.

PHILLIPS and BLOUNT, for plaintiff in error.

The possession of the slave was taken after the death of the owner, which took place in February, 1843. Administration was granted in December, 1843, and the levy on 20th June, 1846.

A possession acquired under these circumstances, would not subject the property to an execution against the possessor under the statute of frauds. Oden v. Stubblefield, 4 Ala. R. 40; Thomas & Howard v. Davis, 6 Id. 113.

If the three years' possession could apply to such a case, yet the statute would not commence to run until administration granted. Johnson v. Branch Bank, 7 Ala. R. 380; Posey & Coffee v. Decatur Bank, 12 Id. 802; 6 Bac. Ab. tit. Lim. 393; Wightman v. Chouler, 2 Brev. 251.

The declarations of the defendant in execution were inadmissible, because they did not relate to the subject in controversy, and were prohibited by the provisions of the act of 1845. Yarborough v. Moss, 9 Ala. Rep. 388; Brumby v. Langdon, 10 Id. 749; Carville v. Stout, Id. 803.

HENLEY, contra.

Gressett v. Agee & Dumas.

1. The court properly charged the jury as to the effect of a three years' continued possession of the property, prior to the levy of plaintiff's execution. Myers v. Peck's adm'r, 2 Ala. Rep. 648, 657; Beasley v. Owen, 3 H. & Mumf. 456; Jordan v. Murray, 3 Call's Rep. 85; Turner v. Turner, 1 Wash. Rep. 139; Ferguson & Co. v. White, 1 Marsh. Rep. 7; Baylor v. Smither's heirs, 1 Litt. Rep. 112; Garth's ex'r v. Barksdale, 4 Mumf. Rep. 101; Boyd & Swepson et al. v. Stainback et al. 5 Mumf. Rep. 305; Craig v. Paine, 4 Bibb's Rep. 337; Gay v. Moseley, 2 Mumf. 543; Oden v. Stubblefield, 4 Ala. Rep. 40.

2. Nor does the death of the alledged owner of the property, and its subsequent appraisement as part of his estate, make any difference. The continuity of possession in the defendant in execution was not broken by either of these acts. It is not shown that the property was returned to the estate of W. J. Gressett, but merely that it was appraised. Even an actual return of the property, if followed by an immediate re-delivery to Conner, would be insufficient to withdraw it from the operation of the statute of frauds, and the property would be liable to the creditors of the party in possession. A demand of slaves by the lender, who thereupon receives, and immediately re-delivers them to the loanee, to be held on the same terms as before such demand, receipt and re-delivery, being in private, or in the presence of relations only, is not sufficient to bar the rights of creditors under the statute of frauds. Boyd & Swepson v. Stainback et als. 5 Mumf. 305-6.

DARGAN, J.—It is unnecessary to examine the questions arising on the admissibility of the testimony, for if the charge of the court was correct, whether the testimony was admitted or rejected, became wholly immaterial; for the court assumed, in the charge to the jury, that the sale was fair and *bona fide*, but instructed them, that if the defendant in execution had had the possession of the slaves for three years prior to the levy, then the slaves were liable to be sold by the execution, under the statute of frauds.

The second section of the statute or frauds, Clay's Dig. 255, after prescribing the mode by which personal property

shall be conveyed, when the conveyance is not founded on a valuable consideration, proceeds, "and in like manner, when any loan of goods and chattels, shall be pretended to have been made to any person, with whom, or those claiming under him, possession shall have remained for the space of three years, without demand made, and pursued by due course of law, on the part of the pretended lender, or when any reservation, or limitation shall be pretended to have been made of a use or property by way of condition, reversion, remainder, or otherwise, in goods or chattels, the possession whereof shall have remained with another as aforesaid, the same shall be taken, as to the creditors and purchasers of the person so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan, limitation, or reservation of use, or property, were declared by will, or deed in writing, proved and recorded as aforesaid."

This section of the statute has received a construction in the case of Myers v. Peek, adm'r, 2 Ala. R. 638, of which we approve. It was decided in that case, that it was not necessary to show, that the possession was acquired under a contract of bailment, technically called *accommodatum*, or loan for use, but that if the owner of personal property parted with the possession voluntarily, either with or without an express contract, there must be a will, or deed in writing, declaring the loan, reservation, limitation of use, &c. duly recorded, or else the absolute property shall be taken to be with the person who has taken the possession, in favor of the creditors and purchasers of the possessor. It is not necessary that the creditor should show an express contract, by which the debtor obtained possession; if he holds the possession with the permission of the owner, for the time specified in the act, the property becomes liable to the debts of him who has the possession. It must not however be inferred, that we intend to hold, that if one should annually hire slaves, for three, or more years, the hiring expiring and being renewed annually, that the statute would apply to such a possession; but we hold, that if there is no fixed time at which the property is to be returned, or if the time fixed be more than three years, or if there is any reservation of interest in the owner who

parts with the possession, and such possession shall continue for more than three years, under the permission of, or contract with, the owner, the property is, by the statute, subjected to the debts of him who has the possession, and the purchaser at sheriff's sale will acquire the absolute title, unless the contract of loan, or reservation of right, be reduced to writing, by will or deed, and recorded in the manner prescribed by the act.

The testimony fully warranted the charge given, and it was in accordance with the view here expressed. It has however been contended, that the defendant in execution did not have possession of the slaves until after the death of W. J. Gressett, and as the claimant was not appointed administrator until December, 1843, the period of three years had not elapsed before the levy was made. It is true, that if the defendant in execution, in fact obtained possession after the death of Wm. J. Gressett, then the time necessary under the statute, to subject the property to the debts of the defendant in execution, could not commence running until there was an administrator appointed, who could make demand of possession, and bring suit to recover the property. But if the defendant in execution had the possession, W. J. Gressett being in life, and with his knowledge and permission, then his death would not have any influence in the computation of the time necessary to subject the property to the satisfaction of the debt of Benjamin M. Gressett. Whether the possession of Benjamin M. Gressett, after the sale to William J. Gressett, commenced before or after his death, was a question of fact to be determined by the jury, and not a question of law, and if the claimant wished, he could have required specific instructions upon this point. He has not not however done so, and we can only review the charge as given, which is in accordance with the law.

The judgment is therefore affirmed.