# Butler *v.* Jones.

*Trover.*

1. *Revision of judgment of Selma City Court, under special statute.*
In reviewing a judgment of the City Court of Selma, rendered by the
court without the intervention of a jury (Sess. Acts 1875-6, p. 390, § 14),
this court is not allowed to indulge any presumption whatever in
favor of its findings on the evidence.

2. *What constitutes conversion; demand and refusal.*—A demand and
refusal are, generally, evidence of a conversion; but a qualified, condi-
tional, and reasonable refusal, is not evidence of a conversion; as where.
the defendant, being the owner of premises which had been leased, and
in possession of furniture left on the premises by a deceased tenant,
refuses to deliver it on demand by the owner, who had lent it to the
tenant, unless identified by him or some other person.

3. *Unrecorded loan of personal property.*—Possession of personal
property for three years, under an unrecorded loan, vests in the loanee
an absolute title as against *bona fide* creditors and purchasers (Code,
§ 2173); but, as against all other persons, the statute neither confers
any rights on him, nor takes away any rights from the lender.

4. *Testimony of party, as to transactions with decedent.*—The estate of
a deceased tenant, who died in the possession of personal property
which had been lent to him, is not interested in the result of a suit
brought by the lender against the landlord, to recover damages for the
conversion of such property (Code, § 3058); and therefore, in such ac-
tion, the plaintiff may testify as to any relevant fact showing the bail-
ment.

APPEAL from the City Court of Selma.

Tried before the Hon. JON HARALSON.

This was an action of trover to recover damages for the
alleged conversion of certain articles of office furniture con-
sisting of table, desk, chairs, &c.; and was commenced on 30th
August, 1884. Issue was joined on the plea of the general
issue, the trial resulting in a verdict and judgment for the
plaintiff.

As shown by the bill of exceptions, the articles in question
were loaned by the plaintiff to one S. J. Howard, a justice of
the peace in the city of Selma, and remained in his possession
until his death, which occurred in January, 1884. These
articles were used by said Howard to furnish his office, which
he rented from the defendant in the present action. The fol-
lowing receipt, taken at the time of the bailment, was intro-
duced in evidence by the plaintiff and identified by John
Howard, son of said S. J. Howard, deceased: "I have bor-
rowed from Abner Jones his office furniture subject to his

order, March 1st, 1880." To the introduction of this writing, and its consideration as evidence, the defendant objected as being inadmissible under sections 2173 and 2174 of the Code, and duly excepted to the adverse ruling of the court. The said John Howard testified that about two weeks after the death of his father, he went to his office to collect his papers and get the furniture, supposing it had been his fathers' property; and had loaded a dray with the various articles, preparatory to their removal, when the defendant "discovered it and stopped it, and asked what he was going to do with the articles. I informed him I had taken them as my father's property, and was collecting them together to take care of. Defendant said I could not do that as my father owed him for the rent of the office, and he claimed a lien on the property for the payment of what was due him by my father for rent. I then carried all the articles back, except the papers I had in a box." The plaintiff introduced testimony as to refusals of the defendant, upon application, to surrender the articles alleged to have been converted, the essential portion of which is indicated in the opinion. The plaintiff, as witness in his own behalf, testified "that when I went out of office (he had been said Howard's predecessor as a justice of the peace) I had a table and a desk, thirteen chairs, one Form Book, two inkstands. I turned them over to Howard. I went to Howard's office about ten days before his death, and told him I wanted my furniture. He replied that he did not know what he would do, and I went away and let him keep the things longer. On this visit I saw the table, desk, &c." The plaintiff testified as to the value of the articles, and that " he never had received any message of any kind from the defendant." The defendant objected to the testimony of plaintiff : (1.) As to what property he had delivered to Howard; (2.) As to his conversation with Howard; (3.) As to what he saw in Howard's office, and the value of the same. The court overruled the objections and the defendant excepted ; and here assigns the same, with the ruling above noted permitting the introduction of the receipt, and the finding of the court that the defendant was guilty of a conversion under the evidence, as error.

Sumter Lea, for appellant.

B. F. Saffold, *contra.*

SOMERVILLE, J.—1. The present appeal from the City Court of Selma presents for our review the conclusion and judgment of the court upon the evidence, as well as upon the law of the case, the trial in the lower court having been con-

[Butler v. Jones.]

ducted without a jury. And in passing upon the evidence we are required to do so without any presumption in favor of the ruling of the City Court in behalf of the appellee, who was plaintiff in the court below, and obtained judgment against the appellant, as defendant. Acts 1875–6, p. 386, and p. 390, section 14.

2. The evidence fails, in our opinion, to show a conversion of the property sued for, such as will maintain an action in trover. It is not denied that the plaintiff was the owner of the property, or that the title and right of possession were vested in him. This is clearly shown. The only question is whether the defendant was guilty of exercising over the property any dominion in exclusion or defiance of the plaintiff's right, by wrongfully detaining it from him after demand for its delivery. The chattels in controversy, consisting of office furniture and other articles, about eighteen in number, were loaned by the plaintiff to one Howard, in March, 1880, he being at that time a tenant of the defendant, and in the use of the chattels on the leased premises up to the time of his decease, which occurred in January, 1884. The property was thus left on the premises in the constructive possession of the defendant. It is shown, that, when the agent of the plaintiff demanded the possession of the articles, the defendant asked him if he knew and could point out the things which belonged to the plaintiff, to which he replied in the negative. The defendant then said, "*Let Mr. Jones* (the plaintiff), *or some one who knows the things, come and get them;* that Mr. Howard owed him for rent of his office, and he would hold whatever belonged to Howard for this rent, under the lien which the law gave him." This qualified refusal is the gist of the alleged conversion, upon which the action is founded.

While the law is, that a demand and refusal are generally *prima facie* evidence of a conversion, a qualified, reasonable and justifiable refusal is no evidence of a conversion. It takes a wrongful refusal to constitute the defendant a tort feasor, and in the absence of such evidence there can be no conversion. It is well settled that the possessor of goods may refuse to deliver them up until the claimant makes some proper and reasonable show of ownership, which necessarily includes the fact of identification.—2 Greenl. Ev. §§ 644-645; 1 Addison on Torts (Wood's Ed.) §§ 472-473, 475.

The refusal of the defendant in this case was not absolute, but qualified and conditional. And this qualification was, in our judgment, reasonable and justifiable. It may have been necessary for the protection of the defendant against a double liability. This view is supported by all of the best law writers who generally follow the case of *Green v. Dunn*, 3 Campbell

[Butler v. Jones.]

216, which is closely analogous to the case in hand. The defendant, on taking possession of premises which had been leased, found some timber which had been deposited there by permission of the previous occupant. Upon demand being made for it by the owner, the defendant replied : "If you will bring any one to prove it is your property I will give it you, and not else." This was held to be a reasonable and qualified refusal, and not to constitute a conversion. The principle settled is conclusive of this case.

3. The objection was not well taken to the admission in evidence of the receipt of Howard to Jones, the plaintiff, showing a loan of the property in controversy by the latter to the former more than three years before the bringing of this suit.. The case is unaffected by section 2173 of the Code, of 1876, which provides that all loans in writing, under which possession is suffered to remain for three years with the party entitled to the use, shall vest an absolute estate in the loanee " *as to creditors and purchasers* of such person," unless such loan is recorded, within such time, in the county where the property is located. The purpose of this statute, which is unlike any provision found in the English statute of frauds, was to prevent the creation of debts or procurement of credits, by false appearances, such as would naturally follow in bailments of this character, upon the faith of the possession of personal property by the borrower, who might be supposed to be the true and real owner ; and also, to protect purchasers from the loanee against the defects of his title. It was never intended to interfere with, or create any new rights as between lender and borrower of the property. Its sole purpose is to protect the rights of third persons who may be creditors of the loanee, having extended such credit after the lapse of the three years designated, and to protect *bona fide* purchasers of the property from him, who may acquire title after the expiration of such period.—*Durden v. Mc Williams*, 31 Ala. 206. The loans condemned by the statute are deemed fraudulent as to these two classes, being as to them transmitted into absolute sales.

The receipt in question was competent to show ownership of the property sued for in the plaintiff.

4. The estate of Howard was in no manner interested in the result of this suit, and the plaintiff was, therefore, a competent witness to testify, as against the defendant, Butler, to any relevant fact showing a bailment of the property to Howard during his lifetime. He would not be debarred from testifying to any transaction with, or statement by Howard, by reason of the provisions of section 3058 of the Code of 1876. This section has no application unless the transaction, or statement sought to be proved, occurred with a deceased person whose

[Tait v. Murphy.]

estate is interested in the result of the suit in which the evidence is offered; or unless the deceased was at the time acting in a representative or fiduciary relation to the party against whom such testimony is sought to be introduced.—Code, 1876, § 3058; *Hendricks v. Kelly*, 64 Ala. 388.

The court below erred in holding that there was any conversion proved, and in rendering judgment for the plaintiff.

Reversed and remanded.