# Carr *v.* Lester.

## *Statutory Detinue for Piano.*

1. *Loans of personal property, not in writing.*—The statute which declares that "all loans of personal property, not is writing, vest an absolute estate in the person in possession under such loan, as to purchasers and creditors of such person, after three years from the commencement of such loan" (Code, § 1818), is not limited to loans technically so called, but applies also where the owner departs or leaves his property in the possession of another, and allows it to remain for more than three years, during which time it is in use by the depositary; as where a daughter, starting to travel with her husband, leaves her piano in the house with her mother, and suffers it to remain for more than three years, during which time it is used by the mother and her guests, and is removed to another place, with other furniture, on a change of residence.

[Carr v. Lester.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Mrs. Lillie Lester, against Mrs. L. M. Carr, to recover a piano, and was commenced on the 20th September, 1889. Issue was joined on the plea of *non detinet*, and the case was submitted to the decision of the court without a jury. The plaintiff's testimony showed that she bought the piano, in 1881, while living in Yazoo City, Mississippi, with her mother, Mrs. M. E. Richards, and "in the latter part of 1881, or early in 1882, starting to travel with her husband, she left it with her mother, to take care of for her;" that her mother removed to Birmingham, Alabama, in March, or April, 1882, "carrying the piano in the same car with her own furniture;" that it was placed in the parlor of several different houses, which Mrs. Richards there leased and occupied as a hotel, and was used by her and her guests; that plaintiff came to Birmingham in November, 1886, went to her mother's house, claimed the piano as her own, and used it, but did not remove it, although her mother had bought another in anticipation of her return. The defendant did not claim title to the piano, but had possession of it as part of the furniture of the "Lunsford Hotel," under her lease from George Lunsford; and said Lunsford claimed it under a mortgage for rent executed to him by Mrs. Richards, on the 10th January, 1888, and also under a purchase at a sale of the effects of Mrs. Richards by one Sharp as assignee, when she removed from the hotel in the Spring of 1888. The court rendered judgment for the plaintiff, and its judgment is now assigned as error.

WARD & JOHN, for appellant, cited Code, § 1818; *Myers v. Peck*, 2 Ala. 645; *Gressett v. Agee & Dumas*, 14 Ala. 354; *Brainard v. McDevitt*, 21 Ala. 119.

TIPTON BRADFORD, *contra*, cited Story on Bailments, §§ 2, 4, 5, 6, 223, 225, 226.

SOMERVILLE, J.—The statutes provides, that "all loans of personal property, not in writing, vest an absolute estate in the person in possession under such loan, as to purchasers and creditors of such person, after three years from the commencement of such loan, unless within that time the lender commence an action at law, in good faith, for the recovery of the property."—Code, 1886, § 1818.

In *Myers v. Peck*, 2 Ala. 648 (1841), and again in *Gressett v. Agee*, 14 Ala. 354 (1848), it was decided that the word

VOL. XC.

[Carr v. Lester.]

"loan," in this statute, was not to be technically ·construed; that it was not necessary to show that the possession was acquired under a strict contract of bailment, technically called *commodatum*, or loan for use; but that if owners of personal property parted with the possession voluntarily,· either with or without an express contract, there must be a will, or deed in writing (Code, § 1817) declaring the loan, and duly recorded, "or else the absolute property shall be taken to be with the person who has taken possession, in favor of the creditors and purchasers of the possessor."—14 Ala. 358.

In the more recent case of *Butler v. Jones*, 80 Ala. 436, we further said, that the purpose of this statute was "to prevent the creation of debts, or procurement of credits, by false appearances, such as would naturally follow in bailments of this character, upon the faith of the possession of personal property by the borrower, who might be supposed to be the true and real owner, and, also, to protect purchasers from the loanee against the defects of his title."

The evidence in this case shows that the plaintiff, upon going abroad to travel, left the piano in controversy in the possession of Mrs. Richards, the mortgagor, who was her mother, as far back as April, 1882, both of them residing in the same household in Yazoo, Mississippi. Mrs. Richards moved to Birmingham., in this State, in April, 1882, and, by the plaintiff's request, brought the property with her. It was placed in the parlor of a hotel kept by Mrs. Richards, and was used by herself and the guests until November, 1886, or about four and a half years, uninterruptedly, when the plaintiff returned to reside with her .mother. After this· she used the piano in common with the mother and the hotel guests, claiming it as her property; but she allowed it to remain in the hotel parlor, taking no exclusive possession of it.

Under this state of facts, we see no escape from the view, that the law will infer a loan, although there was no technical contract between the parties expressly authorizing the use of the instrument by the bailee.—*Myers v. Peck*, 2 Ala. 648; *Garth v. Barksdale*, 4 Munf. Rep. 101; *Craig v. Payne*, 4 Bibb's Rep. 337; *Brainard v. McDevitt*, 21 Ala. 119.

The mortgagee, George Lunsford, under whom the defendant holds, was a purchaser for value, and is protected under the provisions of the statute, which operated after three years possession, *ex proprio vigore*, to vest an absolute estate in the person of Mrs. Richards, the loanee of the property.

The City Court erred in reaching a contrary conclusion. Its judgment is reversed, and a judgment will be rendered in this court for the appellant, who was defendant in the court below.

Reversed and rendered.