# Davis & Son v. Hurt.

### Action of Trover for the Conversion of Cotton.

1. *Trover; what constitutes conversion.*—The gist of an action of trover is a conversion ; and to constitute a conversion which will sustain trover, and without· proof of which there can be no recovery, there must be a destruction of the plaintiff's property or some unlawful interference with his use, enjoyment or dominion over it, or an appropriation of it by the defendant to his own use, or to the use of a third person, in disregard or defiance of the owner's right, or a withholding of title inconsistent with the title of the owner; and there must be a positive, tortious act as distinguished from nonfeasance, or a neglect of a legal duty, or a failure to perform an act, made obligatory by contract, whereby the property is lost to the owner.

2. *Same ; when not maintained by a warehouseman for failure to deliver goods on demand.*—The mere failure of a warehouseman to deliver on demand goods which have been entrusted to him, is not a conversion which will support an action of trover, where the failure is solely because of the goods having unaccountably disappeared, and there was no denial by the warehouseman of the title of the plaintiff, nor dominion exercised over the goods inconsistent with the terms of the bailment, and no evidence of the conversion or appropriation of them to the warehouseman's use, or to the use of any third person by the warehouseman.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

This was an action of trover brought by the appellee, Peter T. Hurt, against the appellants, W. F. Davis & Son, warehousemen, to recover damages for the alleged converson by the defendants, of three bales of cotton. Issue was joined upon the plea of the general issue.

On the trial of the cause, as is shown by the bill of exceptions, the testimony for the plaintiff tended to show that he had purchased from certain parties warehouse certificates for the three bales of cotton, which the holders of said certificates had stored with the defendants ; that these certificates belonged to the plaintiff, and that subsequently upon his making demand upon the defendants for the cotton, which said certificates represented, the

[Davis & Son v. Hurt.]

defendants were unable to find the cotton in their warehouse, and that after a diligent search by the plaintiff's agent and the defendants, the cotton was never found. It was further shown that the plaintiff had instructed the defendants to ship to his cotton merchant 45 bales of cotton, in which were included the three bales involved in this suit, and that only 42 bales of cotton were received by his cotton merchants; the three bales which were not received being those involved in this suit.

The testimony for the defendants tended to show that the defendants made a search for the cotton, with the agent of the plaintiff and failed to find it, and that they afterwards made a diligent search in their warehouse for said cotton without finding it; and that the cotton was never shipped by the defendants after a demand was made by the plaintiff for said cotton, nor was it delivered to any one else; and that the cotton was not in the possession of the defendants at the time the suit was brought.

Upon the introduction of all the evidence, the court of its own motion, instructed the jury as follows: "If the jury believe from the evidence that the cotton in controversy was stored with the defendants as warehousemen for a reward, and the said defendants, upon demand, failed to deliver said cotton, or to account for its absence, then the defendants are liable in this action to the plaintiff for the value of the cotton and interest thereon from the time of such demand." To the giving of this part of the court's general charge the defendants duly excepted; and also separately excepted to the court's giving, at the request of the plaintiffs, the following written charges: (2.) "That if the jury believe from all the evidence that, through negligence, defendants delivered the cotton to other parties or shipped or disposed of it in violation of the orders of plaintiff, then they must find for the plaintiff, if plaintiff has never recovered the cotton, or been paid for it." (3.) "That there must be some evidence before the jury that the cotton was stolen before the jury can consider that theory as a part of this case." (4.) "In order to sustain trover it is not necessary to show that the wrongful disposition, appropriation, wasting or destruction was criminal. It is only necessary to show

[Davis & Son v. Hurt.]

that the disposition, &c., was made in violation of the property or possession of plaintiff by the defendants."

The defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "Before the jury can find for the plaintiff in this case, they must be satisfied from the evidence that the defendants exercised some unlawful assumption or dominion over the cotton in controversy in defiance or exclusion of the plaintiff's right; or else that the defendants withheld the possession of said cotton from the plaintiff, claiming the title to said cotton in themselves, or inconsistent with the right of the plaintiff." (3.) "Before the jury can find for the plaintiff in this case, they must be satisfied from the evidence that the defendants have either appropriated the cotton in controversy to their own use and enjoyment, or have destroyed it, or are exercising control of it in exclusion and defiance of the plaintiff's title, or are withholding the possession thereof from the plaintiff under a claim of title in themselves inconsistent with the plaintiff's claim." (4.) "The burden of proof in the case is on the plaintiff to satisfy the jury from the evidence that the defendants have been guilty of the conversion of the three bales of cotton in controversy, and a mere failure to deliver the cotton on demand is not sufficient evidence of a conversion without more." (5.) "Mere non-delivery by a warehouseman of cotton stored with him, on demand, will not support this action; there must be a conversion of the cotton by the warehouseman."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court upon the charges.

PETTUS & PETTUS, for appellants.—Trover will not lie against a warehouseman for goods lost by accident, or stolent, or for non-delivery, unless there be a refusal to deliver while the warehouseman is in possession of the property sued for; nor for any act or omission which amounts to negligence merely, and not to actual wrong. *Cen. R. R. & B. Co. v. Lampley*, 76 Ala. 367, and cases cited; *Conner v. Allen*, 33 Ala. 516; *Penny v. State*, 88 Ala. 106; *Thweat v. Stamps*, 67 Ala. 96; *Bolling v. Kirby*,

90 Ala. 222; *Terry v. Birmingham Nat. Bank*, 93 Ala. 606.

J. H. STEWART, *contra.*—It is a part of the duty of warehousemen to retain the goods deposited with them until the goods are demanded by the true owner; and if by mistake of themselves or their servants, they deliver the goods to the wrong person, they are responsible for the loss, as for or upon a wrongful conversion. If the plaintiff proves delivery of the goods to the warehousemen, and failure to deliver on demand, these facts will be treated as *prima facie* evidence of the negligence on the part of the defendant, unless he shows on his part that the goods were lost and how they were lost, the manner in which they were lost; and these facts must be proved with reasonable certainty.—28 Amer. & Eng. Encyc. of Law, 649; Story on Bailments, § 450.

If the cotton in controversy was stored with defendants for reward as warehousemen, and the defendants failed, on demand, to deliver the cotton, or to account for its absence, then they are liable in this action. The bill of exceptions sets out all the evidence, and says that on demand the defendants declined to deliver the cotton; and in no part of the evidence do the defendants attempt to account for its absence. In fact they say that they do not know what became of the cotton. If plaintiff proves delivery to warehousemen, and a failure to deliver on demand, then defendant is liable unless it is shown the goods were lost, the manner in which they were lost, and these facts must be established with reasonable certainty.—Story on Bailments, § 450; 28 Amer. & Eng. Encyc. of Law, 649; *Haas v. Taylor*, 89 Ala. 465; Bigelow on Torts, 445.

BRICKELL, C. J.—Warehousemen are of the class of bailees bound to ordinary diligence, and, of consequence, liable only for losses occurring from the want of ordinary care. When, however, upon demand made, the bailee fails to deliver goods entrusted to his care, or does not account for the failure to make delivery, *prima facie* negligence will be imputed to him; and the burden of proving loss without the want of ordinary care devolves upon him.—*Seals v. Edmondson*, 71 Ala. 509; *Prince v. Ala. State Fair*, 106 Ala. 340; *Claflin v. Meyer*,

75 N. Y. 260; s. c. 31 Am. Rep. 467; *Boies v. H. & N. H. R. R. Co.*, 37 Conn. 272; s. c. 9 Am. Rep. 347. The rule is founded in necessity, and upon the presumption that a party who, from his situation, has peculiar, if not exclusive knowledge of facts, if they exist, is best able to prove them. If the bailee, to whose possession, control and care, goods are entrusted, will not account for the failure, or refusal to deliver them on demand of the bailor, the presumption is not violent that he has been wanting in diligence, or that he may have wrongfully converted, or may wrongfully detain them. Or if there be injury to, or loss of them during the bailment, it is but just, that he be required to show the circumstances, acquitting himself of the want of diligence it was his duty to bestow.

When the bailee fails to return the goods, on demand, the principal has an election of remedies; he may sue in assumpsit for a breach of contract, or in case for negligence, or if there has been a conversion of the goods, in trover for the conversion.—Story on Bailments, §§ 191-269; *Salt Springs Nat. Bank v. Wheeler*, 48 N. Y. 492; s. c. 8 Am. Rep. 564; *Magnin v. Dinsmore*, 70 N. Y. 410; s. c. 26 Am. Rep. 608. The gist of the action of trover is *the conversion*; the right of property may reside in the plaintiff, entitling him to pursue other remedies, but trover cannot be pursued without evidence of a conversion of the goods. *Glaze v. McMillion*, 7 Port. 279; *Conner v. Allen*, 33 Ala. 516; *Bolling v. Kirby*, 90 Ala. 215. In *Connor v. Allen*, *supra* it was said by RICE, C. J.: "Trover is one of the actions the boundaries of which are distinctly marked and carefully preserved by the Code. A *conversion* is now, as it has ever been, the *gist* of that action, and without proof of it, the plaintiff cannot recover, whatever else he may prove, or whatever may be his right of recovery in another form of action." And he adopts the definition or description of a conversion given by Mr. Greenleaf: "A conversion in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, *in exclusion or defiance* of the plaintiff's right, or in withholding the possession from the plaintiff, *under a claim of title inconsistent with his own*."—2 Greene. Ev., § 642.

[Davis & Son v. Hurt.]

In *Glaze v. McMillion, supra,* it was said : "It is believed that all conversions may be divided into four distinct classes : 1. By a wrongful taking. 2. By an illegal assumption of ownership. 3. By an illegal user or misuser. 4. By a wrongful detention." In *Bolling v. Kirby, supra,* there was a very full examination of the authorities, and discussion of the essential elements or facts which must concur to constitute conversion in the sense of the law of trover, by McCLELLAN, J.; and the result declared was, that "conversion upon which recovery in trover may be had, must be a positive, tortious act. Nonfeasance or neglect of legal duty, mere failure to perform an act obligatory by contract, or by which property is lost to the owner will not support the action." The case is republished, with elaborate and instructive annotation by Mr. Freeman, 24 Am. St. Rep. 789-819. In *Ala. & Tenn. Rivers R. R. Co. v. Kidd,* 35 Ala. 209, it was held, that "trover will not lie for a bare non-delivery of goods by a warehouseman, unless they are in his possession, and he refuses to deliver them on demand." In *Abraham & Bro. v. Nunn,* 42 Ala. 51, it was held, that trover would not lie against a warehouseman, for the conversion of goods taken from his possession by an armed force, without negligence or complicity on his part. In *Salt Springs Nat. Bank v. Wheeler, supra,* the defendant had received for acceptance certain bills of exchange, and at the demand of the person entrusting them to him, failed to return them, saying he could not find them, and might have torn them up with papers he considered of no value ; it was held, he was not liable in trover, there being no evidence of a voluntary or intentional destruction or loss of the bills ; though he was liable upon his implied promise to present the bills for acceptance, and if not accepted or paid, to give notice to the plaintiff.

Without pursuing further an examination of authorities, it may safely be said, that a mere failure by a bailee on demand made, to deliver goods which have been entrusted to him, is not a conversion which will support an action of trover, if he sets up no title hostile to or inconsistent with the title of the bailor, or has not appropriated them to his own use, or to the use of a third person, or exercised over them a dominion inconsistent with the the bailment. All that can be fairly predicated

[Kansas City, Memphis & Birmingham R. R. Co. v. Lackey.]

of the facts found in the record, is the mere failure to deliver the cotton upon the demand of the plaintiff; possession of it not remaining with the defendant. There was no denial of the title of the plaintiff, nor a dominion exercised over the cotton inconsistent with the terms of the bailment, no evidence of a conversion of appropriation of it to their own use, or to the use of any third person by the defendants. The failure to deliver, unexplained, raises a presumption of negligence against them, and may involve them in a liability for a breach of the contract of bailment, or for negligence in the performance of the duty springing from the contract, but it is not the conversion; the positive, tortious act, indispensable to maintain trover. From this view, it results there was error in the instruction given voluntarily by the court below. The second, third and forth instructions given at the instance of the plaintiff do not, as is obvious from what we have said, find support in the evidence, and for that reason ought not to have been given, as their immediate tendency was to mislead the jury, The second, third, fourth, and fifth instructions requested by the defendant, should have been given.

Let the judgment be reversed, and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.