# Baker *v.* Malone & Sons.

*Action of Trover.*

1. *Trover; when not maintainable against warehouseman for failure to deliver goods.*—The mere failure of a warehouseman to deliver on demand goods which have been entrusted to him is not a conversion which will support an action of trover, where there was no denial by the warehouseman of the title of the true owner, nor dominion exercised by him over the goods inconsistent with the bailment, and no evidence of the conversion or appropriation of the goods to the warehouseman's use, or the use of any third person by the warehouseman.

2. *Same; sufficiency of complaint.*—A complaint in an action of trover, which does not aver a conversion by the defendant, fails to state a cause of action and is subject to demurrer.

3. *Warehouseman's receipt; what necessary to maintain suit.* In order for the holder of a warehouseman's receipt for cotton to maintain an action thereon, it is necessary that he should have acquired the legal title by the receipt having been endorsed to him by the person to whom the receipt was issued, or that such person should have assented in writing that the cotton be delivered to the plaintiff.

4. *Same; action for money had and received.*—A complaint in an action of trover which does not contain sufficient averments. for the maintenance of said action, and which contains no averments that there had been a sale by the defendant of the property involved and receipt by him of the proceeds, can not be construed into a complaint in an action for money had any received.

APPEAL from the Circuit Court of Henry.

Tried before the Hon J. C. RICHARDSON.

This action was brought by the appellant against the appellees. The complaint, as amended, was as follows:

[Baker v. Malone & Sons.]

"The plaintiff claims of the defendant the sum of seventeen hundred and fifty dollars damages for that defendants were, during the latter part of the year 1897 and first part of the year 1898, engaged in the business of storage, compressing cotton and keeping the same for shipment or forwarding, and issued their receipts for cotton so coming into their possession and the delivery thereof to the compress; that during said season of 1897-98, the defendants received at the compress of Mr. W. P. Campbell sixty-six bales of cotton, giving their receipt for the same; that said receipts for said sixty-six bales of cotton was delivered by the said W. P Campbell to the cashier of the Bank of Dothan as security for advances made by said Bank of Dothan to said Campbell, and also to secure a debt due the plaintiff in this action by said Campbell; and that in February 1898, the plaintiff purchased said sixty-six bales of said Campbell paying the Bank of Dothan the debt of Campbell to them, applying the balance in settlement and cancellation of the said Campbell's debt to plaintiff, and thereupon received control and possession of the receipts for said sixty-six bales of cotton, and on demand of said cotton of the defendant they failed and refused to deliver the same to him, to his damages as aforesaid."

The defendant demurred to the complaint upon the following grounds: 1. Said complaint fails to allege that defendants made a sale of the cotton entrusted to them. 2. Said complaint fails to allege that defendants encumbered or transferred said cotton with the assent in writing of the person to whom they gave the receipt, to-wit, W. P. Campbell or the legal holder of such receipts. 3. Said complaint fails to allege that the receipts given by the defendants to said Campbell were endorsed by said Campbell to plaintiff. 4. Said complaint fails to allege facts showing that plaintiff was the legal holder of the receipts mentioned therein at the time he made demand on defendants for said cotton. These demurrers were sustained, to which ruling the plaintiff duly excepted. The plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrers to the complaint.

[Baker v. Malone & Sons.]

H. A. PEARCE, for appellant, cited *Davis v. Hurt,* 114 Ala. 146; *Lehman v. Pritchett,* 84 Ala. 512; *Alabama State Bank v. Barnes,* 82 Ala. 607.

ESPY & FARMER, *contra,* cited *Juelfuss v. Corrigan.* 60 Amer. St Rep. 143; *Ninsheimer v. Whitley,* 52 Amer. St. Rep. 192; 84 Amer Dec. 753.

McCLELLAN, C. J —This suit is by Baker against Malone & Sons. The complaint in substance alleges that one Campbell stored sixty-six bales of cotton with defendants as warehousemen, and took their receipts as warehousemen for the same, that plaintiff subsequently purchased this cotton from Campbell and thereupon received possession and control of said receipts, the said Campbell delivering them to him, that plaintiff then demanded said cotton of defendants but that they failed and refused to deliver the same to him, whereby plaintiff was damaged in the sum of seventeen hundred and fifty dollars, for which he sues. Defendants demurred to the complaint, the demurrer was sustained, and, plaintiff declining to amend, judgment was entered for defendants, and plaintiff appeals.

The complaint presents no cause of action in trover: It does not aver conversion by the defendants.—*Bolling v. Kirby,* 90 Ala. 215, s. c. and note, 24 Am. St. Rep. 789-819; *Davis & Son v. Hurt,* 114 Ala. 146.

The legal title to the receipts executed by defendants was, upon the averments of the complaint, not in the plaintiff because they had not been indorsed to him. Code, § 4222. There is no averment that Campbell to whom the receipts were issued had assented in writing that the property should be delivered to the plaintiff. There being no such assent and the plaintiff not being the "legal holder of the receipts," the statute expressly forbade the defendants to deliver the cotton to him. Code, § 4221.

This cannot be contorted into an action for money had, and received, for there is no averment that there had been a sale by defendants and the receipt by them of the proceeds, even if such action would lie on these averments with those already in the complaint, which we do not decide.

We, therefore, concur with the circuit court in its ruling on demurrer; and its judgment for the defendants must be affirmed.

Affirmed.