# Louisville & Nashville R. R. Co., Scheinert, *et ux.*

## *Trover and Conversion.*

(Decided June 30, 1908.   47 South. 293.)

*Trover and Conversion; Issue and Proof; Variance.*—The complaint claiming damages for the conversion of goods by a warehouse-man is not supported by proof that the railroad accepted the trunk as baggage, issuing a check therefor, and that the agent of the defendant failed to deliver the trunk on the presentation of the check, stating at the time that he did not know whether the trunk had been put off or not, but that it might have been carried to another station, taken in connection with the evidence offered by defendant that the trunk was received at the station of its destination, and remained there in the baggage room for a day or more when the baggage room was broken into and the trunk was found sometime afterwards in the woods near the depot, empty.

Appeal from Jefferson Circuit Court.

Heard before Hon. John H. Miller, Special Judge.

Trover by H. E. Scheinert and wife against the Louisville & Nashville Railroad Company for the conversion of a trunk and contents. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

The fifth count was as follows: "Plaintiff claims of defendant the sum of $126.50 damages for the conversion by the defendant of plaintiff's trunk and contents on the 30th day of December, 1906, the property of the plaintiff; the contents of said trunk consisting of the following articles:   [Here follows a description of the

articles.] The plaintiff avers that defendant accepted the said trunk as a warehouseman, for the purpose of storing the same until called for by the plaintiff, issuing therefor a check, upon the surrender of which the said defendant obligated itself to deliver the said plaintiff the said trunk; that said plaintiff presented the said check to said defendant for said trunk on Monday, December 31, 1906, and the said defendant failed and refused to deliver said trunk to said plaintiff; hence the damages as aforesaid." The fifth charge referred to in the opinion is the affirmative charge as to the fifth count.

The evidence for the plaintiff was that on the 29th day of December Scheinert and wife left Hanceville for Boyles, arriving there about 10 o'clock in the morning, Saturday; that they purchased two first-class tickets and checked two trunks from Hanceville to Boyles; that on Monday, December 31st, Mr. Scheinert, together with one Brock, went to the station at Boyles for the trunks. One trunk was outside of the station, about 10 feet from the platform. This trunk was not broken open or in any way disturbed, and was received by Scheinert, for which he surrendered one of the checks. The other check was retained by Scheinert and was introduced in evidence. Plaintiff testified in reference thereto as follows: "I say I have never received the trunk that check calls for. I have never heard of it. I demanded this trunk from the agent at Boyles. I presented that check and I asked for the trunk: I showed him that check two or three time. The agent did not give it to me. He failed to give me the trunk. I have never seen the trunk since. I presented this baggage check to the agent and demanded the trunk, and he refused to give it to me. He told me he did not know whether they put that trunk off or not. They might have carried it to Birmingham."

His evidence also tended to show that the trunk and a part of its contents were his, and a part consisted of wearing apparel for his wife.

The evidence for the defendant was that the trunk was received at Boyles between 9 and 10 o'clock Saturday morning, December 29th, and was placed in the waiting room and remained there until the night of December 30th. It was missing on the morning of the 31st day of December. On the night of the 30th the waiting room, which had been locked, was broken into, and the trunk was missing. Afterwards, about January 5th, it was found in the woods near the depot empty.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Counsel discuss assignments of error, but without citation of authority.

HINTON E. CARR, and HUME F. JONES, for appellee. Counsel discuss assignments of error, but without citation of authority.

DENSON, J.—There can be no doubt that the fifth count of the complaint is in trover for the conversion of goods by a warehouseman; nor can there be any doubt that the evidence fails to afford a reasonable inference that the defendant is guilty of a conversion. Hence the court erred in refusing the fifth charge requested in writing by the defendant.—*Davis & Sons v. Hurt,* 114 Ala. 146, 21 South. 468; *Baker v. Malone & son,* 126 Ala. 510, 28 South. 631; *Alabama, etc., Co. v. Kidd,* 35 Ala. 220; *Abraham v. Nunn,* 42 Ala. 51; *Traylor & Co. v. Hughes,* 88 Ala. 617, 7 South. 159; *Johnson v. Couillard,* 4 Allen (Mass.) 446; *Rice v. Clark,* 8 Vt. 109; *Hawkins v. Hoffman,* 6 Hill (N. Y.) 586, 41 Am. Dec. 767; *Bowman v. Eaton,* 24 Barb. (N. Y.) 528; *Irish v.*

*Cloyes,* 8 Vt. 30, 30 Am. Dec. 446; *Baker v. Wheeler,* 8 Wend. (N. Y.) 505, 24 Am. Dec. 66; *Hallenbake v. Fish,* 8 Wend. (N. Y.) 547, 24 Am. Dec. 88.

Reversed and remanded.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

McCLELLAN, J.—(dissenting). I cannot concur in the reversal of this judgment. My Brothers hold that the affirmative charge for the defendant should have been given on the fifth count, which was for the conversion of the trunk. One of the plaintiffs testified that he demanded the trunk of the defendant's agent at Boyles, the place to which the trunk was checked, and that: "The agent did not give it to me. He failed to give me the trunk. * * * I presented the baggage check to the agent and demanded the trunk, and he refused to give it to you. He told me that he did not know whether they put that trunk off or not. They might have carried it to Birmingham." It is the settled law that, as between bailor and bailee, a refusal to delived the goods in the bailee's possession to bailor is evidence, at least prima facie, of a conversation.—*Dent v. Chiles,* Stew. & P. 383, 395, 396, 26 Am. Dec. 360; *Conner v. Allen,* 33 Ala. 515; *Butler v. Jones,* 80 Ala. 436, 2 South. 300; *Parker v. Goldsmith,* 16 Ala. 526; *Davis v. Hurt,* 114 Ala. 146, 21 South. 468; *Lockwood v. Bull,* 1 Con. (N. Y.) 322, 13 Am. Dec. 539; *Holbrook v. Wright,* 24 Wend. (N. Y.) 169, 35 Am. Dec. 607, and note; *Magee v. Scott,* 9 Cush. (Mass.) 148, 55 Am. Dec. 49, and note. There can be no doubt that, to recover in trover, a conversion, a positive tortious act. must be shown; but this is prima facie shown when the demand and refusal, stated before, between bailor and bailee, occurs, so that the onus to excuse the refusal passes

thereupon to the bailee, and who, to rebute the presumption of a conversion, must adduce evidence tending to that end.—*Davis v. Hurt, supra,* expressly recognizes this rule in the paragraph of the opinion at the top of page 150 of 114 Ala. (21 South. 468). Other cases cited also approve the rule.

The possession of the trunk having been shown to have once been with the defendant, it is presumed to have continued until countervailed by proof or reasonable inference therefrom.—*Downs v. Bailey,* 135 Ala. 329, 33 South. 151. The testimony quoted flatly, in my opinion, tended to prove a demand and a refusal to deliver the trunk. It is suggested, however, that the pronoun "you," in the quotation, shows that that expression was a question propounded to the witness. There it no question mark following it, or other indications than the bare use of the pronoun "you," upon which to found any such interpretation. The expression is in the body of the narration of the witness' testimony. Besides, the rule is unvarying that a bill of exceptions is construed most strongly against the party taking it and seeking thereby to put the lower court in error; that presumptions are indulged to sustain, not to reverse, judgments appealed from. If the expression that the agent refused to delived the trunk is interpreted as a question asked the witness, the operation is based solely on a construction of this part of the bill, at most equivocal in this instance, of the utmost favor to the appellant, and of the utmost disfavor to the court rendering the judgment below. Such is not the rule, nor the practice. The word "you" is a clerical misprision; "me" being the proper word, and the one doubtless really used, as appears from the context. The agent admitted the reception of the trunk, but undertook to excuse the delivery by showing that the trunk was stolen at least 24 hours

before the demand was made.  Yet, if the quoted testimony is considered, that agent told plaintiff that he did not know whether the trunk was put off at Boyles or not.

The suit was well brought by both plaintiffs, both of whom had effects in the one trunk.

The judgment should, in my opinion, be affirmed.