## UTTS v. TEXAS STATE BANK OF CANTON.   (No. 2931.)

(Court of Civil Appeals of Texas. Texarkana. May 16, 1924. Rehearing Denied June 12, 1924.)

1. **Banks and banking** ⟜154(6)—**Bank's failure to return all of defendant's war savings stamps held to raise presumption of negligence.**

If depositor placed war savings stamps in a bank, failure of bank to return all property on demand raised presumption, unless rebutted, of loss through negligence or detention from inexcusable cause on bank's part.

2. **Banks and banking** ⟜154(9) — **Whether bank officers and employees appropriated war savings stamps belonging to depositor held for jury.**

In depositor's action against a bank for failure to return war savings stamps deposited by him in a vault to which only bank officers and employees had access, whether such persons had appropriated the stamps held a question for jury.

Appeal from Van Zandt County Court; Chas. L. Hubbard, Judge.

Action by A. J. Utts against the Texas State Bank of Canton. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The appellant sued the appellee bank to recover certain war savings stamps, or their value, of the face value of $500, alleging that in August, 1920, he, as a customer of the bank, placed in the care and custody of the bank for safe-keeping 30 cards of war savings stamps of the total face value of $3,000, and which the bank agreed to safely keep and return on demand therefor; that in September, 1920, the appellant made demand for the stamps, and the bank failed and refused to deliver and turn over to him more than 25 of the cards, or $2,500 worth of the stamps.

The bank answered by general denial, and specially pleaded that the stamps were placed and kept in an envelope in the vault of the bank merely for the accommodation of the appellant, and they were cared for by the bank in a careful and prudent manner, and at the time the appellant called for them all the stamps placed by him in the envelope were actually delivered to him in person.

After hearing all the evidence offered, the court peremptorily instructed the jury to return a verdict in favor of the bank.

The evidence offered by the appellant shows that he placed in the bank, and the bank accepted, for safe-keeping in the vault of the bank, 30 cards of war savings stamps of the total face value of $3,000, and that afterwards when he requested the return of the stamps the bank delivered to him 25 cards, but did not deliver 5 cards of the stamps. The appellant himself testified that in the presence of the cashier of the bank, and about August, 1920, "the stamps were counted and put on cards, a hundred on each card, and there were thirty cards." Continuing, he said:

"The cards were put in an envelope and placed in the money vault. * * * I called at the bank for the papers, and the bank delivered me the envelope in which the stamps had been placed, and in the presence of the cashier I counted the cards, and there were 25 cards of $100 face value each. Five of the cards were missing of the matured value of $100 each. I demanded of the bank to make them good and to deliver them to me, but the bank officials refused to do so, stating to me that they had delivered back to me all of the stamps they had of mine."

The evidence offered by the bank is to the effect that the stamps, placed in an envelope, were received by the bank and placed in its vault for safe-keeping merely for the accommodation of appellant and without any consideration therefor; that the appellant never purchased but $2,500 worth of stamps, and had placed in the bank only that amount for

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

safe-keeping, and that all the stamps were returned to him on his demand therefor; that the envelope containing the stamps was placed and safely kept in a standard burglar and fire proof safe in the vault of the bank, and that no one had access to the safe or went in it except the officers and employees of the bank in due course of business. Each officer and employee of the bank testified that they did not handle or take any of the stamps, and that no one else handled or took them to their knowledge.

T. R. Yantis, of Canton, for appellant.

Stanford, Sanders & West, of Canton, for appellee.

LEVY, J. (after stating the facts as above). [1] The evidence is conflicting as to whether the appellant placed $3,000 or $2,500 worth of war savings stamps in the care and custody of the appellee bank for safe-keeping. The appellant claims that he placed in the bank's custody $3,000 worth of stamps, and the bank claims that it received from the appellant only $2,500 worth. If it be true as a fact, as claimed by the bank, that only $2,500 worth of the stamps was received by it for safe-keeping, then clearly the appellant, as admitted by him, has received back all of his stamps and the bailment was fully terminated. But if it be true as a fact, as claimed by appellant, that he placed $3,000 worth of stamps in the custody and care of the bank, then admittedly the appellant has not received all of his stamps from the bank, and the bank has failed to return $500 worth of the stamps on the appellant's demand therefor. In this special phase of the case the bank, even as a gratuitous bailee, was legally bound to return all of the $3,000 if actually placed in the bank, to the appellant on his demand therefor in September, 1920, and the proof by appellant of failure to return part of the stamps, to the extent of $500 worth, establishes a sufficient prima facie case against the bank to put it upon its defense. The fact of failure to return all the property on demand raises the presumption, unless rebutted, of loss through negligence or detention from an inexcusable cause on the bank's part. As stated:

"If the bailee to whose possession, control, and care goods are intrusted will not account for the failure or refusal to deliver them on demand of the bailor, the presumption is not violent that he has been wanting in diligence, or that he may have wrongfully converted, or may wrongfully detain them." Davis v. Hurt, 114 Ala. 146, 21 South. 468.

The bank, in rebuttal, offered in effect the defense that the loss, if any, of the $500 worth of stamps was not occasioned by a lack of due care on its part to safely keep them, nor to any wrongful act on the part of its officers or employees. The bank proved that the place where the stamps were kept was a proper and suitable place, and that only its officers and employees had access thereto, and that none of its officers or employees, or any third person to its knowledge, appropriated them.

[2] It can fairly be predicated on this evidence that, if the particular $500 worth of stamps had been actually placed in the care of the bank, the failure to return them to appellant on his demand was solely because that amount of stamps had unaccountably disappeared. It may be true that the particular stamps, if ever placed in the bank, disappeared through no lack of due care on the part of the bank in respect to their safe-keeping. It may also be true that the circumstances are sufficient to acquit the bank of any conversion of the particular stamps on the part of its officers or employees. But the question is: Can it be held as a matter of law in the circumstances that appellee was excused and exonerated from any liability for the nondelivery of the particular $500 worth of stamps, if they were actually placed in its care for safe-keeping? If the bank actually received the $500 worth of stamps, then the fact of their disappearance would authorize the presumption that either some one appropriated them, or they had been lost while in the custody of the bank. As the evidence showed that no person other than officers and employees of the bank had access to the vault where the stamps were kept, the jury would be authorized to reasonably infer, as within their province to do, that the bank still had the particular stamps and withholds them from appellant and refuses to deliver them to him. While the witnesses each testify that they did not appropriate the stamps, and their statement is probably true, yet such statements are not conclusive, and the question is entirely one of credibility which the law requires the jury to decide, and which must be passed to the jury for decision. From this view it results that there was error in the instruction given.

The judgment is reversed, and the cause is remanded for another trial.