179 So. 922

**FOSTER v. CRITTENDEN et al.**

**6 Div. 276.**

Court of Appeals of Alabama.
March 22, 1938.

Carl A. Elliott, of Jasper, for appellant.

J. J. Curtis and Herman Maddox, both of Jasper, for appellees.

SAMFORD, Judge.

The suit as amended claims two mules and a two-horse wagon levied on by the sheriff of Winston county to satisfy a judgment in favor of the state of Alabama in a case wherein M. S. Foster was the defendant, which case was ultimately adjudicated against the defendant assessing a fine of $100 and the cost of prosecution. The mules and wagon were in the possession of the defendant at her home in Winston county, and had been since March, 1928, at which time her son, Artemus Foster, left the state of Alabama, leaving the two mules and wagon in possession of M. S. Foster, who was his mother. Artemus Foster was a young unmarried man living with his mother on her farm, and in 1926, according to the evidence, was the owner of this property. In March, 1928, he left the state of Alabama, leaving the property with his mother to be used by her, and after that time she did use the property; assessing it for taxation in her own name, working the mules and using the wagon as she saw fit, selling the property, and taking the mortgage in her own name, afterwards recovering same in a suit from the parties to whom she had previously sold it, and to all intents and purposes it appeared to be the property of M. S. Foster. On the 20th day of November, 1932, execution was issued in favor of the state of Alabama against M. S. Foster et al. to satisfy a judgment against the said Foster recovered against her in the circuit court of Winston county on the 23d day of March, 1932. The execution was levied by the sheriff on the property described in this suit and sold by him at public outcry on February 15, 1933, and due return thereof was made to the clerk of the circuit court. During the time, from March, 1928, to February, 1933, Artemus Foster made two or three intermittent visits to his mother, but he made no effort to interfere with the possession of the mules and wagon; but left them as they were.

In view of the foregoing evidence, all of which is undisputed, we deem it unnecessary to consider in detail the many assignments of error challenging the rulings of the trial court, on the admission of testimony, and the giving and refusal of certain charges requested by the parties on the trial.

The statute, section 6894 of the Code of 1923, provides that all loans of personal property, not in writing, vest an absolute estate in the person in possession under such loan, as to purchasers and creditors of such person, after three years from the commencement of such loan, unless within that time the lender commence an action at law, in good faith, for the recovery of the property.

In Myers v. Peek's Adm'r, 2 Ala. 648, and again in Gressett v. Agee, 14 Ala. 354, it was decided that the word "loan" as used in the above statute was not to be technically construed; and that it was not necessary to show that the possession was acquired under a strict contract of bailment; but if the owners of personal property parted with the possession voluntarily, either with or without express contract, there must be a will, or conveyance in writing declaring the loan, and duly recorded, otherwise the absolute property shall be taken to be with the person who has taken possession as between creditors and purchasers of the possessor.

In the case of Carr v. Lester, 90 Ala. 349, 8 So. 35, Somerville, Judge, citing the case of Butler v. Jones, 80 Ala. 436, 2 So. 300, pointed out that the purpose of this statute was "to prevent the creation of debts or procurement of credits by false appearances, such as would naturally follow in bailments of this character, upon the faith of the possession of personal property by the borrower, who might be supposed to be the true and real owner, and also to protect purchasers from the loanee against the defects of his title."

The facts in the present case are very similar to those in the case of Carr v. Lester, supra; the chief point of difference being that in the case just cited the property was a piano and here it is mules and a wagon. But the facts in the instant case are even stronger than those in the Carr Case, supra.

In view of the facts as above set out, and the law as applied to those

facts, the defendants were entitled to the general affirmative charge, and even if there be technical errors in some of the rulings of the court, relative to the introduction of testimony, such errors could not affect the final result.

The judgment is affirmed.

Affirmed.