Glaze *vs.* McMillion.

GLAZE *vs.* M'MILLION.

1. To maintain the action of Trover, there must be property in the plaintiff, and a conversion, by the defendant.

2. And, it seems, that conversion, may arise either, from a *wrongful taking;* by an *illegal assumption of ownership;* by an *illegal use or misuse;* or by a *wrongful detention.*

3. And in the 'ast case, a'one, where the conversion arises from a mere *wrongful detention,*—is proof of a demand and refusa', necessary.

4. Therefore, where, in such action, there is no proof that possession of the chattel was obtained un'awfully, evidence of a demand and refusal are essentia. to authorise a recovery.

5. For, *semble,* the bare possession of a chattel, will not be presumed to be tortious.

Error to the Circuit court of Tuskaloosa county.

Trover. Plaintiff below declared against defendant Glaze, and one West, in trover, for a gold watch; to which defendants plead separately, the general issue. The jury found defendant Glaze, guilty of the trover and conversion; but found favorably in reference to West.

The bill of exceptions stated, that on the trial, the right to the watch, in controversy, was shewn to have been in the plaintiff some considerable time before action brought. It was also shewn that defendant Glaze was in possession of the watch a short time before action brought, but was not heard to claim the same, or exercise any right of ownership over it, except the having it in possession, at which time he informed the witness, that

it was the watch claimed by plaintiff. It was in evidence, that about the time Glaze was in possession of the watch, plaintiff had commenced a prosecution against one M, for stealing the watch; but it was not shewn whether the prosecution had terminated or not. It was shewn that the watch seen in Glaze's possession was the same which M. was charged with stealing. There was no proof of a demand by plaintiff, of the watch, from defendant Glaze, nor any other evidence of a conversion thereof by him. Upon which state of the case, defendant Glaze, moved the court to instruct the jury, that if they should believe there had been no demand of the watch from Glaze by plaintiff, or his agent, and refusal by Glaze to deliver it, before the commencement of the suit, they should find for the plaintiff;—which charge the court refused to give; but charged the jury that under the circumstances of this case, there was no necessity of a demand and refusal to entitle the plaintiff to recover, if they should find the property to be the property of the plaintiff.

The plaintiff in error here assigned, that there was error :

1. In the rendition of the judgment below ; and

2. That the court erred in refusing the instruction asked, and in giving the instruction which it gave to the jury, as shewn by the bill of exceptions.

*Crabb & Capers*, for the plaintiff in error.
*Ellis & Peck*, contra.

GOLDTHWAITE, J.—The evidence before the jury,

Glaze *vs*. McMillion.

when this cause was tried, may be considered as establishing, that the plaintiff below, was the owner of the watch said to have been converted. That it was in the possession of the plaintiff in error, a short time before the institution of the action, and had been stolen from the defendant in error, by one Merritt. No claim of property was asserted by the plaintiff in error, to the watch, and no acts of ownership were proved against him, and all inference as to the existence of the one or the other, is expressly negatived by the bill of exceptions. On this evidence, the Circuit court instructed the jury, that under these circumstances, the plaintiff below was entitled to recover, if they should believe the watch was his property, and that proof of a demand and refusal was unnecessary.

To maintain the action of Trover, there must be property in the plaintiff, and a conversion by the defendant. In this case, the property is admitted to be the plaintiff's, but the conversion is denied. It therefore becomes necessary to ascertain what is evidence of a conversion, and whether any facts were before the jury, from which it could be properly inferred.

It is believed that all conversions may be divided into four distinct classes.

1. By a *wrongful taking;*

2. By an illegal assumption of ownership ;

3. By an *illegal user or misuser;* and

4. By a *wrongful detention*—Bull. N. P. 44 ; 2 Saund. 47, E.

In the three first named classes, there is no necessity for a demand and refusal, as the evidence arising from

7 P.                              36

the acts of the defendant, is sufficient to prove the conversion. In the latter class alone, is such evidence to be required, as the mere detention of a chattel furnishes no evidence of a disposition to convert it to the holder's use, or to divest the true owner of his property.

If the position assumed by the defendant's counsel, is correct, another class of conversions must be created; as it is certain that the case supposed of property stolen, and coming into the hands of an innocent person, does not fall within either of the classes we have named.

Let us, however, test the principle, which is asserted —that every one who comes into the possession of property of which the owner is illegally dispossessed, is guilty of a conversion, and liable to an action of trover, without demand, and consequently, without notice.

It is admitted, that an innocent finder of property is not liable to this action, unless he assumes to be the owner, illegally uses or misuses, or detains the property after demand by the owner ; and yet if the property has been stolen. or illegally acquired by a wrongful taker, it may, notwithstanding, come to the possession of another, without any fault; and if so, he cannot stand in a less favorable light than a finder.

The evidence does not disclose how the plaintiff in error obtained possession : for any thing which appears, he may have received it from the thief, or have found it. Be his possession of what character it may, he cannot be charged with the unlawful detainer, until some fault is put on him by evidence. The law will not presume him to be a *tortfeaser* without proof, and the bill of exceptions shews a complete want of any evidence to charge him.

Glaze *vs*. McMillion.

The instructions given to the jury were erroneous, and for this cause the judgment must be reversed, and the cause remanded.

We have not adverted to the other position, because, if costs are improperly taxed against a defendant, he can review it in another manner; but he has no right to complain of an error which can in no way affect him, even if the discharge of a co-defendant, without giving him costs, can be so considered.