CHRISTIAN G. VOLTZ, Respondent, *v.* ABEL I. BLACKMAR, Appellant.

(Argued February 24, 1876; decided March 21, 1876.)

THIS action was brought for the alleged conversion of a certificate of deposit.

Defendant, who was a dealer in malt, resided in the city of Buffalo; he had an office in the city of New York, of which, and of his business in that city, plaintiff had charge, he having a power of attorney authorizing him to draw checks, etc. Plaintiff's employment by its terms, expired September 1st, 1872. Before that time defendant advised him that he probably would not require his services for another year, but requested him to remain until September fifteenth, to close up the business. On the fifth of September plaintiff drew a check for $4,000 in the name of defendant, which he presented at the bank where defendant's account was kept, receiving therefor a certificate of deposit in his own name; at that time defendant was indebted to plaintiff in about $3,800. Defendant having been advised of this went to New York on the sixth of September, demanded the money

of plaintiff which he refused to deliver up. Defendant then discharged him from his service. Plaintiff, without defendant's knowledge, took from the safe in the office, an envelope containing the certificate, some warehouse receipts belonging to defendant and other papers, and took them away. Defendant on being informed of this fact, sent for a police officer, and on plaintiff's return he was arrested; the papers were taken from him and the certificate was taken by defendant. The court below held that the certificate was the property of the plaintiff, and gave judgment for the amount thereof and interest. *Held*, error; that the money was drawn by plaintiff from the bank without authority and wrongfully, and the certificate therefore represented money which belonged to the defendant, and to which he was entitled; that while the taking of the certificate by violence from plaintiff's possession might give an action for assault, that act did not vest in plaintiff any right as against defendant to maintain this action or to recover in any form of action the money specified in the certificate.

For $3,000 of defendant's indebtedness to plaintiff, the latter held the promissory note of the former; this was also in the envelope with the certificate. Plaintiff at the time of his arrest in defendant's office, in the presence of the officers, took the note from the envelope, indorsed it as paid and passed it over the desk to defendant, who said he did not want it and laid it on the desk. Plaintiff requested him to pass it back; this he did not do, but left it lying on the desk. He did not refuse to allow plaintiff to take it, nor did he claim any right to retain it. He had, just previously, denounced plaintiff's act in drawing the money as without authority, and demanded its return. The note remained on the desk for several days and was then placed in the safe by defendant's clerk, who produced it on the trial. *Held*, that no inference could be drawn from the transaction that defendant intended to ratify the drawing of the 'check, or that he accepted and retained the note as a paid instrument, or in any way intended to sanction the appropriation of the $4,000; nor could it be regarded as a consent that defendant might retain sufficient of the money to pay the note.

*Wm. H. Gurney* and *John T. Hoffman* for the appellant.

*Asher P. Nichols* for the respondent.

ANDREWS, J., reads for reversal and new trial.
All concur, except CHURCH, Ch. J., not voting.
Judgment reversed.