[Sidel v. Elyton Land Co.]

| 94 | 369 |
| 105 | 526 |

# Sidel v. Elyton Land Co.

*Action on Common Counts for Money Had and Received.*

1. *When wife may recover money paid by husband on purchase of land in her name.*—If a married woman has no power to make an executory contract for the purchase of land, and if she may repudiate and disaffirm, after her husband's death, an executory contract made by him in her name, she can not recover the money paid by him under such contract without showing that it belonged to her separate estate; and that fact is not established by evidence showing (1) that he had in his hands money which he had given to her, (2) that he took the receipt and the title-bond in her name, and (3) that the notes for the deferred payments of purchase-money were signed by her alone.

2. *Declarations of husband, as evidence for wife.*—When the surviving wife sues to recover money paid by her husband under an executory contract for the purchase of land in her name, claiming the right to repudiate and disaffirm it, the husband's declarations to her, that he made the cash payment with her moneys in his hands, are mere hearsay as against the vendor, who was not present, and not admissible as evidence for her.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

N. B. FEAGIN, for appellant, cited *Harper v. Claxton*, 62 Ala. 46; *Lea v. Cassen*, 61 Ala. 312; *King v. Martin*, 67 Ala. 177; *Railroad Co. v. Felrath*, 67 Ala. 189; *Blythe v. Dargin*, 68 Ala. 377; 3 Am. & Eng. Ency. Law, 824; *Marks v. Cowles*, 53 Ala. 499; *Sharp v. Sharp*, 76 Ala. 320; 2 Bright's H. & W. 38; *Flinn v. Barber*, 64 Ala. 193; *Copeland v. Kehoe*, 57 Ala. 248; *White v. Franklin Bank*, 22 Pick.; 12 Wall. 349.

ALEX. T. LONDON, *contra*, cited *Br. Bank v. Parish*, 20 Ala. 433; *Wilder v. Abernathy*, 64 Ala. 644; *Vance v. Nagle*, 70 Penn St. 176; *Heflin v. Milton*, 69 Ala. 354; *Oliver v. Gold Life Ins. Co.*, 82 Ala. 425; *George v. Stockton*, 1 Ala. 136; *Pylant v. Reeves*, 53 Ala. 132.

CLOPTON, J.—This suit, which is an action for money had and received brought by the appellant against the appellee, was tried in the City Court without a jury, on an agreed statement of facts, and judgment rendered for defendant. The admitted facts may be stated as follows: The husband

[Sidel v. Elyton Land Co.]

of plaintiff negotiated with defendant for the purchase of a lot of land near the city of Birmingham; which negotiations terminated in the purchase of the lot for $4,347, one fourth cash, and the balance in three equal annual payments. The contract of sale and purchase was consummated, August 13, 1887, in the manner following. For the purpose of making the cash payment, the husband of plaintiff drew, in his own name, a check payable to defendant on the Alabama National Bank, for the sum of $1,086.75, which was paid by the bank. For the amount of the check defendant executed a receipt, dated August 13, 1887, of which the following is a copy: "Received of Mrs. Jeannie Sidel ten hundred and eighty-six and 75-100 dollars, being on account of purchase of lot one, and west half lot number two, in block 754 in Birmingham, Ala., which was sold to her Aug. 4th, 1887, for $4,347; the balance to be paid, with interest, as follows, three equal annual payments."

Plaintiff signed three several notes for the deferred payment, each reciting that it was given on account of the purchase-money of the lot mentioned in the receipt. Plaintiff's husband did not join in the execution of the notes. Defendant made a bond obligating itself to make titles to the plaintiff on payment of the notes. The bond also recites that the cash payment was paid by plaintiff, and the lot bargained and sold to her. Though the bond and notes are dated August 4th, 1887, the bond and receipt were delivered to plaintiff's husband, and the notes and check to defendant, at the same time. Plaintiff had nothing to do with negotiating for the purchase of the lot, except to sign the notes after the terms of the contract were agreed on.

Plaintiff and her husband went to France, where he died in December, 1889; and after her return to Birmingham, she, through her agent, notified defendant, June 18, 1890, that she renounced and dis-affirmed the purchase; and offered to transfer and convey to defendant the bond for title, and all interest she might have in the lot. The bond and receipt were never delivered to plaintiff, but were found among the papers of her husband after his death; neither was she ever in possession, nor assumed any ownership or control of the lot. On the occasion of their marriage, her husband gave to plaintiff twenty-five hundred dollars as a wedding present, which, some days afterwards, she delivered to him, to keep for her, and which he has never returned, or accounted for, unless his statement to her after the purchase of the lot is admissible as evidence.

The claim of appellant to recover the money is based on

[Sidel v. Elyton Land Co.]

the alleged fact, that the money used by her husband to make the cash payment was her statutory separate estate; and on the proposition, that a married woman has no statutory power to make an executory contract for the purchase of land, except with the assent or concurrence of the husband, expressed in writing; and if, independent of the statute, she had capacity to purchase the lot with the assent, or without the dissent of her husband, she also had capacity to dis-affirm the contract after the termination of her coverture, and that her dis-affirmance re-invested her with the right to the money. This proposition can not, and does not arise, unless plaintiff first shows that the money with which the first cash payment was made, was her separate estate.

The present action is maintainable only on the theory, that the money sued for *ex æquo et bono* belongs to plaintiff, and that defendant, in equity and good conscience, ought not to retain it. The burden is on the plaintiff to show that she is entitled to the money; it is not sufficient to show that defendant has no right to keep it.—*Hungerford v. Moore,* 65 Ala. 232.

The admitted facts show that the entire transaction was negotiated by the husband, without the knowledge of plaintiff, so far as appears, until she signed the notes. There being no explanatory evidence, the nature and character of the transaction must be determined from the papers, in connection with the admitted fact that the negotiations were conducted exclusively by the husband. Looking to these, the transaction was, on its face, a purchase of the lot by the husband, in the name of plaintiff; and, giving a check for the cash payment in his own name is, *prima facie,* a payment by the husband from his own funds. When a portion of the purchase-money is paid by the husband, and title taken in the name of the wife, the presumption arises, that it was intended as a provision for the wife.—*Hardin v. Darwin,* 66 Ala. 55. This presumption may be rebutted; but the recitals of the receipt and bond, and the notes, in the absence of other evidence, do not, under the circumstances, rebut, but rather support the presumption. The testimony of plaintiff, that her husband told her, after the payment of the money, that the money he had used to make the cash payment was hers, was properly excluded: it was an *ex-parte* declaration when defendant was not present—mere hearsay.

The only other fact, on which plaintiff relies to show that the money was her own, is the wedding present of $2,500, some time before the lot was purchased. There is no evidence tending to show that this money was ever in Alabama, or

[Consolidated Electric Light Co. v. People's Electric Light & Gas Co.]

what disposition her husband made of it, or how and where he kept it, or that it was deposited as plaintiff's money in the bank, or that her husband had no money of his own on deposit. Actual notice that it was plaintiff's money against which the check was drawn, is not pretended; and if it be said that the recitals of the receipt and bond were sufficient to put defendant on inquiry, there is an entire absence of evidence that the utmost diligence would have led to the discovery that it was plaintiff's money. All these facts, if they be facts, lay peculiarly within her knowledge, and yet she fails to give any information in regard to them. Some proof that the money with which the cash payment was made was plaintiff's, is an essential element of her right of recovery. It can not be inferred from the mere facts, that her husband gave her some months previously $2,500, which she afterwards delivered to him, and for which he has never accounted. The evidence is not of that full and satisfactory character which the law requires in such cases.

Affirmed.