[Strauss & Sons v. Schwab *et al.*]

# Strauss & Sons v. Schwab *et al.*

*Action of Trover.*

104  669
108  549
104  669
116  592
116  593
o119  315
104  669
128  624
104  669
132  566
104  669
142  421
142  614

1. *Husband and wife; contract of sale to wife void.*—Where goods are sold to a married woman without the written assent of her husband, as provided in section 2346 of the Code, and without his having filed in the office of the judge of probate his written consent to her engaging in the business in the course of which the goods were purchased, as provided in section 2350 of the Code, the contract of sale is void.

2. *Action of trover; maintained for conversion of goods sold under void contract.*—Where the contract of sale of personal property is void, and the purchase money therefor is not paid, an action of trover may be maintained against the purchaser for the conversion of the property received under the void contract.

3. *Same; same; demand and refusal necessary to maintain trover.*—In order to maintain an action of trover for goods which came into a purchaser's possession under a void contract of sale, the plaintiff must prove a demand for such goods, and a refusal by the defendant to deliver them; since the mere detention of the goods under such circumstances furnishes no evidence of the disposition to convert them to the owner's use, or to divest the true owner of his property therein.

4. *Same; when evidence not sufficient to sustain trover.*—Where, in an action of trover for the conversion of goods sold under a void contract, the testimony of only one witness for the plaintiff "tended to show" that prior to the commencement of the suit plaintiff made a demand upon the defendant for the goods, and the defendant and two other witnesses testified directly that no demand was made by the plaintiff upon the defendant for said goods, the evidence was not sufficient to

[Strauss & Sons v. Schwab *et al.*]

show that the demand necessary for the maintenance of the suit had been made; and the plaintiff was not entitled to recover.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action in trover brought by L. Strauss & Sons against Mrs. Fannie Schwab and Leo Schwab, her husband, for goods aggregating in value $319.39. The case was tried by the judge without a jury, according to the statute in such cases made and provided.

The undisputed facts are that Mrs. Fannie Schwab was a married woman on and prior to the 2d of October, 1891, and at the time of the trial of the cause, and is the wife of her co-defendant, Leo Schwab; that Mrs. Fannie Schwab was engaged in the retail jewelry business in the city of Brmingham, carrying on her business as "F. Schwab;" that she purchased the goods described in the complaint from plaintiffs, who resided in New York; on the 2d day of October, 1891; that said goods were purchased on a credit of sixty days, and had never been paid for by Mrs. Fannie Schwab or any one else; that said Leo Schwab, the husband of Mrs. Fannie Schwab, had never expressed in writing his consent for his wife to enter into and pursue said business, or any other business, nor had such consent been filed in the office of the probate judge of Jefferson county, Alabama, nor had he, said Leo Schwab, given his consent in writing for his wife, Mrs. Fannie Schwab, to purchase the goods, the value of which is sued for in the present action, or to contract the debt therefor. Leo Schwab was in charge of the store for his wife. It was further undisputed that Mrs. Fannie Schwab at one time, when H. C. Lewis, clerk of Mountjoy & Tomlinson, called to see them about the claim, offered in settlement of said claim her promissory notes signed by herself, without her husband joining therein or giving his consent in writing to the execution of the same by her, and that plaintiffs refused to accept the same.

The evidence as to whether the demand for the goods involved in this suit was made upon the defendants before suit was brought is sufficiently stated in the opinion. Upon the hearing of the cause, the court rendered judgment for the defendants. The plaintiffs prosecute the

[Strauss & Sons v. Schwab *et al.*]

present appeal, and assign as error the rendition of said judgment.

MOUNTJOY & TOMLINSON, for appellants.—1. The absolute and general owner of goods may maintain trover, although he had sold them under a void contract, as to a married woman, because he still retains the present right.—Chitty on Pleadings (Ed. of 1879) marginal p. 168 and note Y, title Trover. Under our married woman's law, a wife is liable for her torts, as if *feme sole*.—Code of 1886, §§ 2345, 2347.·

2. Goods sold to a purchaser insolvent or in failing circumstances, who has a preconceived designed not to pay for goods or no reasonable expectation of being able to pay for them, or who either makes a fraudulent concealment or fraudulent misrepresentation, can be recovered in trover from such purchaser, or even sub-purchaser, without notice.—*LeGrand & Hall v. Eufaula Nat. Bank*, 81 Ala. 123; *Robinson v. Levi*, 81 Ala. 134; *Kyle v. Ward*, 81 Ala. 120.

3. Demand is not necessary when goods are obtained under a void contract or by fraud.—Chitty on Pleadings, p. 176, title Trover; *Stone v. Perry*, 60 Me. 28; 24 Amer. St. Rep. 808, and authorities cited. Where property or money is delivered under a contract absolutely void, as distinguishable from a voidable contract, no demand is necessary before the institution of suit.—*Nelson v. Shelby Mfg. & Imp. Co.*, 96 Ala.·515; *Allen v. Booker*, 2 Stew. 21; *Keith v. Patton*, 2 Stew. & Por. 33; *Rutherford v. McIvor*, 21 Ala. 750.

GREGG & THORNTON, *contra*.

McCLELLAN, J.—This is an action of trover for the conversion of goods sold by plaintiffs, Strauss & Sons, to Fannie Schwab. The contract of sale was void for that Fannie Schwab was a married woman at the time of the transaction and her husband did not assent to, or concur in writing therein, as provided in section 2346 of the Code, nor had he expressed in writing and filed in the office of the judge of probate his consent to her engaging in the business in the course of which the goods were ordered by and delivered to her, as provded. in section 2350 of the Code.

We do not doubt that an action of trover may be maintained for the conversion of chattels thus received on a void contract of sale, the purchase money therefor not having been paid.—*Dodson et al. v. Harris et al.*, 10 Ala. 566 ; *Morris v. Hall*, 41 Ala. 510.

In *Glaze v. McMillion*, 7 Port. 279, 281, Goldthwaite, J., said : "It is believed that all conversions may be divided into four distinct classes : 1. By a *wrongful taking*; 2. By an illegal assumption of ownership; 3. By an illegal user or misuser ; and 4. By a *wrongful detention*. In the three first named classes, there is no necessity for a demand and refusal, as the evidence arising from the acts of the defendant, is sufficient to prove the conversion. In the latter class alone is such evidence [of demand and refusal] to be required, as the mere detention of a chattel furnishes no evidence of a disposition to convert it to the holder's own use, or divest the true owner of his property." And to like effect are the cases of *Haas v. Taylor*, 80 Ala. 459, and *Bolling v. Kirby & Brother*, 90 Ala. 215; s. c. 24 Am. St. Rep. 789.

Property taken and held under a void contract of sale can not be said to be *wrongfully taken*, since it passed to the purchaser and is held by him through the voluntary act of the seller and according to the intention of both parties. Nor can it be said in such case that there is *an illegal assumption* of ownership by the purchaser : that could only result where the assumption of ownership is against the consent and intention of the seller. And there could be no *illegal user or misuser* of the property while it is held under such void sale, since, though the sale be void, so long as it is not disaffirmed by the seller he is in the attitude of consenting to all uses to which an absolute owner might devote the chattels. And so it is with the possession. That, as well as the taking, the assumption of ownership and the uses to which the property is put whatever they may be, is, notwithstanding the contract of sale is void, by the permission of the seller, and can not be tortious until that permission is withdrawn by an election properly evinced on his part to set aside the sale and reclaim his property.—*Bolling v. Kirby & Brother*, 90 Ala. 215, 222 ; s. c. 24 Am. St. Rep. 789, and notes 795–819 ; *Voltz v. Blackmar*, 64 N. Y. 646; *Finch v. Clarke*, Phill. (N. C.) L. 335.

The purchaser being then in possession by permission of the seller and according to his intention, and under no obligation to return the property until the seller elects to set aside the void sale and to reclaim the chattels as if no sale had been made, he can not come within the 4th class of conversions as stated in *Glaze v. McMillion*, 7 Porter, 279, *supra;* he can not be guilty of a *wrongful detention*, until he has notice of such election and reclamation by a demand on him for the property, and a refusal on his part to comply with the demand, and the action of trover can not be maintained, of course, without such demand and refusal.—*Dodson et al. v. Harris et al.*, 10 Ala. 566.

This case was tried by the judge of the circuit court without a jury. He heard the evidence and upon it rendered a judgment for the defendants. The statute, obtaining in respect to such trials in the circuit court of Jefferson county, requires us to review "the conclusions and judgment of the court upon the evidence," &c.—Acts 1888–89, pp. 797, *et seq.* We must concur in the judgment rendered on the facts below for that the plaintiff did not prove a demand before suit brought. The bill of exceptions states that the testimony of one Lewis, who was clerk to the attorneys representing plaintiffs in this suit and before, "tended" to show that prior to the commencement of this suit plaintiffs made a demand for the goods for the alleged conversion of which the suit was instituted. Obviously, if this was all the bill of exceptions contained on this point, we could not say that the demand was proven, because the *tendency* of Lewis' evidence might not have been sufficiently direct, positive and satisfying as to reasonably convince us of the truth of the fact which it went in some uncertain and undeterminable degree to show. But it does not stand alone on this point. It further appears that both the defendants and a third person, presumably the clerk of Mrs. Schwab, testified directly that no demand was made by the plaintiffs for the goods. Upon this state of the record, we can not hesitate to affirm that the necessary demand before suit was not proved; and we should probably reach the same conclusion if it had appeared that Lewis testified positively to the fact of demand, since there would be three witnessess against him alone, and this disparity is not wholly relieved by the considerations to

which counsel advert, having reference to the interest of two of the witnesses for the defendant, and the negative character of their testimony ; Lewis' being as of an affirmative fact, &c.

The judgment of the circuit court is affirmed.