# McAnally v. Heflin.

*Bill in Equity to enforce Vendor's Lien.*

1. *Husband and wife; wife has no right to disaffirm a purchase of land.*—Under the constitutional provision relating to ownership of property by married women (Const. of 1875, Art X, § 6), a married woman can not disaffirm a purchase of land, made by her during coverture without the written assent of her husband, and hold the vendor and the land liable for a return of the purchase money paid by her.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on April 20, 1892, by H. P. H. P. Heflin, as administrator of the estate of John T. Heflin, deceased, against Catherine McAnally, to enforce a vendor's lien on lands sold by respondent to complainant's intestate. The bill averred that on March 24, 1887, John T. Heflin sold, and by deed conveyed, to Catherine McAnally four lots in the town of Compton, Jefferson county, Alabama, for the sum of $2,000, one-half of which was paid in cash, and Catherine McAnally executed to Thomas Heflin her promissory note for the remaining one thousand dollars, payable on December 25, 1887, and that this note has never been paid. The respondent answered the bill admitting the averments as to the sale and purchase of said property; but averred that at the time she purchased said property she was a married woman, being the wife of Patrick McAnally, and that the law relative to contracts by married women was not complied with, in that her husband did not join with her in making said contract, or in the execution of the

note, and did not express in writing his assent thereto ; that the money paid to said Heflin in cash was paid to him out of her statutory separate estate. The respondent asking that her answer be taken as a cross-bill, disaffirmed the purchase, and offering to re-convey to the estate of John T. Heflin, deceased, the four lots purchased, prayed, that the deed given to her be declared to be a mortgage, securing to her the re-payment of the money paid to Heflin, and that the same be foreclosed under the decree of the court for that purpose. Upon the submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant in the original bill was entitled to the relief prayed for, and denied the relief prayed for by the complainant in the cross-bill. The respondent in the original bill, who is the complainant in the cross-bill, brings this appeal, and assigns as error the final decree of the chancellor.

A. LATADY, for appellant, cited *Clark v. Davies*, 2 Marsh. 386 ; *Sharp v. Sharp*, 76 Ala. 320 ; *Cowles v. Marks*, 47 Ala. 612 ; *Sidel v. Elyton Land Co.*, 94 Ala. 369 ; 1 Minor's Inst., 377.

W. D. BULGER, *contra.*—A married woman who purchases land can not be held liable personally, against her plea of coverture, but the vendor's lien will be enforced on the land.—*Marks v. Cowles*, 53 Ala. 499 ; *Strong v. Waddell*, 56 Ala. 471 ; *Scott v. Cotten*, 91 Ala. 623 ; *Jackson v. Rutledge*, 3 Lea, 626 ; *Johnson v. Jones*, 51 Miss. 860.

HEAD, J.—The main question in this case is whether, under the present laws of this State, regulating the estates of married women. a wife may, her husband living, disaffirm a purchase of land made by her during coverture, and hold the vendor and the land liable for a return of the purchase money paid by her. At common law, her right so to disaffirm did not arise until the termination of the coverture.—*Marks v. Cowles*, 53 Ala. 499. Under the statutes which controlled that case, the right was denied. The question, as affected by the present statutes, was presented in *Sidel v. Elyton Land Co.*, 94 Ala. 369, but was not decided, the case being disposed of on another ground.

[Wagnon v. Fairbanks.]

Section 6 Art. X of the constitution of 1875, reads as follows : ''The real and personal property of any female in this State, acquired before marriage, and all property, real and personal, to which she may afterwards be entitled by gift, *grant*, inheritance or devise, shall be and remain the separate estate and property of such female, and shall not be liable for any debts, obligations and engagements of her husband, and may be devised or bequeathed by her, the same as if she were a *feme sole*.'' We have here an express recognition of the common law capacity of a married woman to purchase property, and an express declaration that the property so purchased shall be and remain her separate estate, with right to devise or bequeath the same, as if she were *sole*. We are of opinion this constitutional provision abrogates all right on the part of a married woman to disaffirm, at any time, a purchase of property made by her.

Affirmed.