# Locke v. Reeves, *et al.*

## *Action of Trover.*

1. *Sale to wife without husband's consent; maintenance of action of trover.*—Where a grocery merchant sells to a married woman, without the written assent of her husband for her to make the purchase, family supplies, such as groceries, &c., and they are delivered with knowledge on the part of the seller that they were purchased for consumption, and without objection he suffers the goods so sold to remain with the purchaser until they have been consumed, upon the wife and her husband failing to comply with his demand for a surrender of the

[Locke v. Reeves,°*et al.*]

goods (which had been rendered impossible by reason of their con-
sumption), the seller can not maintain an action of trover against the
wife and her husband for the conversion of the goods.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant against the
appellees. The facts of the case are sufficiently stated
in the opinion.

Upon the sustaining of the demurrers to the plaintiff's
replications to defendant's several pleas, the plaintiff
declined to plead further, and judgment was rendered
for the defendant. The plaintiff appeals, and assigns
as error the judgment of the court in sustaining the de-
murrer to each of the several replications.

S. H. DENT, JR., for appellant.

A. H. MERRILL, *contra.*—To maintain trover there
must be some tortious act on the part of defendants.
*Bolling v. Kirby,* 90 Ala. 215; *Voltz v. Blackmar,* 64 N.
Y. 646.

"If property was destroyed, and with the consent of
plaintiff, prior to the demand, then this action can not
be maintained; for the plaintiff must show that the de-
fendant was then" (at the time of the demand) "able to
deliver, or he has shown no conversion."—*Whitney v.
Slauson,* 30 Barb. (N. Y.) 276; 24 Amer. State Reports,
p. 805, note; *Hills v. Snell,* 104 Mass. 173; *Burbank v.
Crooker,* 66 Amer. Dec. 471; Hermann on Estoppel, p.
479, § 495; *Tousley v. Board of Education,* 39 Minn. 419.

HEAD, J.—The plaintiff, Locke, a grocery merchant
in Eufaula, sold to Lizzie G. Reeves, a married woman,
and delivered to her husband and co-defendant, J. H.
Reeves, as her agent, sundry articles of merchandise in
his line. The goods, which are itemized in the com-
plaint, consisted, in the main, of family supplies such
as groceries for food and other daily domestic use and
consumption. There were in the list several items of
bagging and ties and tobacco. They were all sold with
knowledge that they were purchased for consumption,
and for that purpose alone. There was no written as-
sent on the part of Mr. Reeves to his wife making the
purchases. The goods were consumed according to the

purposes for which they were sold, and thereafter the plaintiff demanded possession of them of the defendants, Mrs. Reeves and her husband, which demand, of course, could not be complied with.   He then sued the defendants in trover, for conversion of the goods ; the proposition, upon which the action is sought to be maintained, being that the sales were void, under the married woman's law, for the want of the written assent of the husband, wherefore, the title never passed from the plaintiff, and the possession and conversion of the goods were a tort on the part of Mrs. Reeves and her husband.

The question is raised by demurrers to replications to pleas, and these demurrers, guided by the decision of this court in *Strauss v. Schwab*, 104 Ala. 669, seem to assume that such a sale is void, and that the seller may so treat it and reclaim the goods while in existence, and if not surrendered, on demand, and are afterwards converted, maintain trover ; but they rely, for defense to the action, upon the proposition that these defendants could not be tort-feasors when the plaintiff placed the goods in their possession, for the sole purpose of consumption in the very manner in which they were consumed, and suffered them there to remain without objection or demand until after they had been so consumed, whereby their return became impossible.   As this last proposition is, to our minds, so obviously true, we will say nothing as to the other question (which, we said, the demurrers seem not to raise) except to remark that our decisions touching it appear to be inharmonious, and must stand over for future reconciliation or more definite settlement by the court, whenever it shall become necessary.—*Marks v. Cowles,* 53 Ala. 499 ; *Mc-Anally v. Heflin,* 105 Ala. 525 ; *American Freehold Land Mortgage Co. v. Dykes,* 111 Ala. 178 (191) ; *Strauss v. Schwab,* 104 Ala. 669.

But, as we have intimated, the defense made by the demurrers is impregnable.   The effect of the plaintiff's contention is, that although he voluntarily delivered these goods to these parties for the express purpose of retention and consumption, thereby manifesting, in the strongest possible manner, his consent to the conversion, yet, when each article was delivered across the counter the possession of it by the defendants became immediately unlawful and tortious ; it became their duty

[Stein, *et al.* v. McGrath.]

to immediately restore it to the plaintiff, without demand, and failing to do so, and converting it, in the manner contemplated by the delivery, the conversion was unlawful, subjecting the defendants to the action of trover. This consent of the plaintiff, not withdrawn before conversion, deprived the conversion of every element of a tortious character. The case of *Strauss v. Schwab, supra,* settled this question, and upon that point (pretermitting consideration of the first point of the opinion) we have no doubt whatever of the correctness of the decision. In *Dodson v. Harris,* 10 Ala. 566, where a horse was sold and delivered on Sunday—a sale which the statute, enacting a rule of public policy, declared to be absolutely void—this court held that the possession of the vendee was not an unlawful detention, and an action would not lie for recovery of the horse until a demand and refusal. See, also, Cooley on Torts, 452-3 ; *Ib.* 163 ; *Goldnamer v. O'Brien,* 56 Am. St. Rep. 378. See, particularly, note on p. 805, 24 Am. St. Rep. ; 66 Am. Dec., note on p. 473.

The circuit court correctly sustained the demurrers to the replications, and its judgment is affirmed.

Affirmed.