# Moore v. Monroe Refrigerator Co.

## Action of Trover.

1. *Action of trover, when demand and refusal necessary to maintain the same.*—In order to maintain an action of trover for personal property that has come into the hands of a purchaser upon an understanding that he should have possession of it, and use it, and should return it to the seller, if, in the first place, he did not elect to purchase it, or, in the second place, if electing to purchase it, he did not pay for it, it is necessary upon the purchaser's failing to pay for it, after electing to purchase it, that there should be a demand by the seller for the return of the property, and a refusal by the purchaser to deliver possession thereof; and, in such a case, it is error for the court to instruct the jury that such demand and refusal were not essential to the plaintiff's maintenance of the action.

2. *Same: admissibility of evidence; opinion of witness.*—In an action of trover to recover damages for the conversion of personal property, where one of the issues of fact presented is, whether or not the plaintiff had sold the property, involved in suit, to the defendant, it is not competent for the plaintiff, upon being examined as a witness, to testify "strictly speaking, as I understand it, there was no sale to the defendant"; such statement being the mere opinion of the witness.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action of trover brought by the appellee

against the appellant, John J. Moore, to recover damages for the alleged conversion of a refrigerator. The defendant pleaded the general issue and the special plea in which he set up that, prior to the institution of the suit, he had sent to the plaintiff, in settlement of his account, for the purchase of the refrigerator sued for, his note.

It was shown by the evidence that after some correspondence between the plaintiff and the defendant and in response to defendant's request, the plaintiff sent to the defendant a refrigerator, with the understanding that, if, after using it, the defendant was satisfied therewith, he should remit the sum of twenty-five dollars, in payment for it, and if not satisfied, he should return same to the plaintiff. It was further shown that the defendant kept the refrigerator, but had never paid the purchase price thereof to the plaintiff.

The other facts in the case necessary to the understanding of the decision on the present appeal are sufficiently set forth in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. W. BUSH, for appellant, cited *Meyer v. Glass*, 124 Ala. 332; *Brock v. L. & N. R. R. Co.*, 26 So. Rep. 335; *Robinson v. Fairbanks*, 81 Ala. 132.

VON L. THOMPSON, *contra*, cited *Strauss v. Schwab*, 104 Ala. 669; *Foley v. Felrath*, 98 Ala. 180; *Sumner v. Woods*, 67 Ala. 139.

McCLELLAN, C. J.—This action is prosecuted by A. N. Stearns and H. H. Giesy, doing business under the name of Monroe Refrigerator Company, against Moore. The complaint contains four counts; each in the Code form for trover, and each having reference to the same property, a refrigerator, but laying severally different dates of conversion. It concludes

[Moore v. Monroe Refrigerator Co.]

with these words: "And plaintiffs further aver that before the institution of this suit plaintiffs demanded possession of said refrigerator but defendant refused to deliver possession to plaintiffs, hence this suit." In the view we take of the case as now presented it is immaterial whether this averment is to be taken as a part of each count or as a part of the fourth count only which it immediately follows, nor, conceding it to be a part of each of the counts, it is necessary for us to decide whether the plaintiffs took upon themselves the burden of proving the averment by making it though it was unnecessary to make it. For, in our opinion, that burden rested on the plaintiffs from the facts of the case, the character of the conversion relied upon, and proof of demand for and refusal to deliver possession was essential to their recovery with or without averment in the complaint of such demand and refusal. No aspect of the case presented by any phase of the evidence involved any wrongful taking of the property by the defendant, or any illegal assumption of ownership on his part or any illegal user or misuser by him. The property was delivered to him by the plaintiffs with the understanding that he should have possession of it and use it in the manner he had used it, and should return it to plaintiffs if, in the first place he did not elect to purchase it, or, in the second place, electing to purchase it, he did not pay for it. He elected to purchase it, but he failed to pay for it. What else he did was simply to retain possession of it after the time he should, having failed to pay, have returned it to the plaintiffs. This failure to deliver possession while it was violative of the agreement of the parties was non-feasance but not misfeasance on the part of the defendant, neglect of legal duty, mere failure to perform an act obligatory by contract, but not a positive, tortious act such as is an essential ingredient of conversion. In such case there is no conversion which will support trover in the absence of demand for and refusal to deliver possession. Such *refusal* upon demand is the positive, tortious act which is necessary to and rounds out the tort

of conversion.—*Bolling v. Kirby*, 90 Ala. 215, and cases there cited; s. c. 24 Am. St. Rep. 789, and notes 795, *et seq.; Central Railroad & Banking Co. v. Lampley*, 76 Ala. 357; *Strauss & Sons v. Schwab*, 104 Ala. 669; *Davis & Son v. Hurt*, 114 Ala. 146.

There was evidence going to show a demand for an l refusal to deliver possession in this case, and there was some evidence to the contrary. But the court in effect instructed the jury that such demand and refusal was not necessary to plaintiff's case, and refused requests of defendant for contrary instructions. This was error. The issue should have been submitted to the jury.

We think the court erred also in overruling defendant's objection to that part of Giesy's answer to the third interrogatory in these words: "Strictly speaking as I understand it there was no sale to the defendant." This was the opinion of the witness, and not being responsive to the interrogatory the objection was well made at the trial.

The judgment of the city court must be reversed. The cause is remanded.