# Jesse French Piano & Organ Co. *v.* Johnston *et al.*

## Action of Trover.

1. *Trover; elements of conversion; when sufficient demand not shown.*—When personal property has been placed by the owner in possession of another, before the latter can be guilty of conversion, the evidence must show that a demand has been made by the owner or his agent, for the return of the property, and that the holder thereof has refused to surrender the same; and in an action of trover for the wrongful conversion of such property, where the evidence shows that a demand was made for its return by the attorney who instituted the suit, and such demand was refused, but there is no proof that the attorney had authority from the owner of the

property to make the demand, there is not shown such a demand of the property as will authorize the recovery in an action of trover.

APPEAL from the City Court of Montgomery. Tried before the Hon. A. D. SAYRE.

This was an action of trover brought by the appellees, Mrs. Allie, Nellie and Sarah Johnston, against the appellant, the Jesse French Piano & Organ Company, to recover damages for the alleged conversion of a piano.

On the trial of the case, it was shown that the piano in question was delivered to the defendant during the negotiation of a sale by the defendant to the plaintiffs of a new piano; but that this sale was not consummated, and the new piano which was placed in the home of the plaintiffs was returned by them to the defendant.

The only question involved on the present appeal is whether or not there had been a demand made upon the defendant for the return of the piano, and a refusal of this demand. The suit was brought for the plaintiff by their attorney, George Stowers, Esq. Upon being examined as a witness, Mr. Stowers testified as follows: "That before the bringing of the suit, he called upon Mr. A. G. Forbes, the manager of defendant and demanded the piano in the name of E. E. Forbes and that Mr. Forbes refused to give it up, saying he would look the matter up and let him know, and that later on he demanded the piano of Mr. A. G. Forbes in the name of these plaintiffs and that he refused to give it up." This was the only testimony in reference to a demand by Stowers, and there was no other evidence introduced as to his having any authority.

It was shown by the evidence that the plaintiffs purchased a piano from E. E. Forbes, and authorized him to get the old piano from the defendant.

The cause was tried by the court without the intervention of a jury and upon the introduction of all the evidence, judgment was rendered in favor of the plaintiffs. From this judgment the defendant appeals, and assigns the rendition thereof as error.

[Jesse French Piano & Organ Co. v. Johnston *et al.*]

RAY RUSHTON, for appellant.—The evidence does not show such a detention of property by the defendant as authorized a conversion. It is not shown that Stowers had authority to make demand for the return of the piano.—*Conner & Johnson v. Allen & Reynolds,* 33 Ala. 515; *Butler v. Jones,* 80 Ala. 436; *Thweat v. Stamps,* 67 Ala. 69; *Bolling v. Kirby,* 90 Ala. 215; *Locke v. Reeves,* 116 Ala. 590; *Glaze v. McMillan,* 7 Porter 279.

GEORGE STOWERS, *contra.*—The judgment in this case was correct. It is shown that the defendant unlawfully converted the piano to his own use. There was a demand made for the surrender of the piano, which was refused by the defendant.—*Mitchell v. Thomas,* 114 Ala. 559; 26 Am. & Eng. Enc. of Law, pp. 714 & 726.

ANDERSON, J.—This was an action of trover for the conversion of a piano, and the case was tried by the judge without a jury and judgment was rendered in favor of the plaintiff for $75.00. The evidence establishes the ownership of the plaintiffs to the property and that defendant acquired possession thereof through their servant, and the sole question presented for review is, was there such a demand and refusal as would make the defendant a *tort feasor* and guilty of a conversion?

All conversions are divided into four distinct classes, "1st; by a *wrongful taking,* 2nd; by an *illegal assumption,* 3rd; by an *illegal user or misuser,* and 4th; by a *wrongful detention.*" In the three first named classes, there is no necessity for a demand and refusal, as the evidence arising from the acts of the defendant is sufficient to prove the conversion. In the latter class alone is such evidence of demand and refusal to be required, as the detention of a chattel furnishes no evidence of a disposition to convert to the holder's own use, or to divest the true owner of his property."—*Strauss & Sons v. Schwab, et al.,* 104 Ala. 669; *Butler v. Jones,* 80 Ala. 436; *Bolling v. Kirby & Bro.,* 90 Ala. 215; S. C. 24 Am. St. Rep. 789; and note; *Moore v. Refrigerator Co.,* 128 Ala. 621; 2 Greenleaf on Evidence, 644.

[Collier v. Alexander.]

In other words, the proof should show that the demand was made by one, a delivery to whom would relieve the defendant of any liability to the owner. The burden is on the plaintiff to establish a conversion and when it is based on a demand and refusal, the proof should show that demand was made by one who had authority to make it. The demand in this case was made by one, Stowers, first for E. E. Forbes and then for the plaintiffs and there was no proof that Stowers had authority to make the demand either from plaintiffs or Forbes, although plaintiffs did authorize E. E. Forbes to get it. We do not think that we can presume the authority of Stowers simply because he brought the suit for the plaintiffs, as the bringing of the suit does not establish an authority for doing things prior thereto, and in this case the witness does not testify that he was the attorney or that he was acting in that capacity at the time of the demand.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.