SAN ANTONIO & A. P. RY. CO. v. SMITH.
(No. 5329.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1914. Rehearing Denied Dec. 16, 1914.)

1. TROVER AND CONVERSION (§ 8*)—ACTS CONSTITUTING CONVERSION.

Where possession of personalty was lawfully obtained by defendant, and no demand was made by plaintiff for the property, there was no conversion, unless possession was obtained on condition that payment would be made for it.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 8.*]

2. TROVER AND CONVERSION (§ 44*)—MEASURE OF DAMAGES.

The measure of damages for conversion is the market value of the property at the time and place of conversion, with interest thereon to the time of trial.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 260, 261; Dec. Dig. § 44.*]

3. CARRIERS (§ 94*)—DELIVERY OF FREIGHT—CONVERSION BY BUYER—DAMAGES.

Where an article, shipped by a seller to himself with directions to notify the buyer, came into possession of the buyer, without the consent of the carrier, the buyer appropriating the article was liable to the carrier for its market value at the time and place of the appropriation, the price not having been paid by the buyer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

4. CARRIERS (§ 94*)—DELIVERY OF FREIGHT—CONVERSION BY BUYER—DAMAGES.

Where a buyer obtained from a carrier with its consent article shipped by the seller to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

himself with directions to notify the buyer, and no demand was made for a return thereof, and possession was not obtained on a promise to pay the charges on it, he was not liable for conversion, and the carrier could not pay a draft drawn by the seller and make the buyer liable therefor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the San Antonio & Aransas Pass Railway Company against Zay Smith. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Taliaferro, Cunningham & Birkhead and F. R. Williams, all of San Antonio, for appellant. McFarland & Lewright, of San Antonio, for appellee.

FLY, C. J. This suit was instituted in the justice's court on the following pleading:

Zay Smith
Dr.
Cr.
To San Antonio & Aransas Pass Ry. Co.,
Zay Smith bought of the White Company
1 Model F repaired generator........ $225 00
Less 25 per cent................. 56 25
          ————
          $168 75

Shipment was made 10/30/09 to the "White Company, San Antonio, Texas, notify Zay Smith, 108 Crockett St.," and surrendered to the said Zay Smith without bill of lading being surrendered by defendant Zay Smith, and that the above amount of $168.75 was paid to the White Co. by the plaintiff, San Antonio & Aransas Pass Ry. Co.

On that pleading the justice of the peace rendered judgment against appellant for the full amount of the claim. There could not be, under that plea, any pretense that the generator was not delivered to appellee by appellant. The case was appealed to the county court, and there, for the first time, in an oral plea, it was alleged that Smith in some manner got possession of the generator without paying a draft or receiving bill of lading, that Smith refused to return the generator on demand, that it was worth $168.75, and that Smith was guilty of conversion of the generator. In other words, the suit was changed in the county court from one on an account to one of conversion, and that, too, without objection upon the part of any one. Appellee filed a cross-action against the White Company, alleging that the company had agreed to send him the generator in exchange for his old generator and not exceeding $50 in cash, and that he had sent the generator and the money to the White Company. The cause was tried without a jury, and judgment rendered in favor of appellees.

The facts in this case are very unsatisfactory, leaving the matters in controversy in grave doubt. It may be inferred, perhaps, that the generator disappeared from the warehouse of appellant without its knowledge or consent, and was delivered by some unknown person to appellee without his knowledge or consent. As soon as appellee discovered that in some mysterious manner he had come into possession of a generator, and that there was a draft on him for $126.75 at a local bank, he repaired to his attorney, and after consultation with him took his old generator from his automobile and put the new one therein. He then sent the White Company $50 and the old generator. He swore that the old generator was as good as the one sent him by the White Company. No demand was made by appellant for the return of the generator. Johnson, the agent of appellant, swore that he did not ask appellee to return the generator, but asked him to pay for it. There is no testimony that the amount of the draft was ever paid to the White Company, and it can only be surmised that appellant paid the money to the connecting carrier, which paid it to the White Company.

[1] The case was considered in our former opinion as based on the pleading in the justice's court, and not as one for conversion, as the oral pleading escaped the notice of the court. From the pleading in the justice's court, it can be inferred that appellant surrendered the generator to appellee, and, from the fact that no demand was made for its return, it could be inferred that appellant did not question appellee's right to the possession of the property. Under the facts of this case, if appellee came into possession of the generator with the consent of appellant, he was not guilty of conversion. Under some conditions, where a person comes into possession of property lawfully, he may be afterwards guilty of conversion—for instance, where he hires or borrows it, and afterwards appropriates it. In this case, however, if the possession was lawfully obtained, and no demand was made for the property, there was no conversion, unless possession was obtained upon condition that appellee was to pay for it. It is the rule, where the defendant has come into the possession of property lawfully or without fault, that it is necessary to make demand of possession of him before suit will lie. Cooley on Torts, p. 870; Moore v. Monroe Ref. Co., 128 Ala. 621, 29 South. 447; Phelps v. Halsell, 11 Okl. 1, 65 Pac. 340.

[2] Where there is a complete conversion of property, the measure of damages is the market value at the time and place of conversion, with interest thereon to time of trial. It would not be the amount that some person might claim was due on it.

[3, 4] If the generator came into the possession of appellee without the consent of appellant, and it was appropriated by him, he would be liable for the market value of the generator in San Antonio at the time he converted it, and if he obtained the generator with the consent of appellant, and no demand was made upon him for the property, and he

had not obtained possession upon a promise, express or implied, to pay the charges on it, he would not be liable for conversion. Under those circumstances appellant could not pay off a draft drawn by the seller of the property and make appellee liable for a debt he had not contracted to pay.

It can scarcely be credited that the generator could have been taken from appellant's warehouse without its consent, and by some one unknown to appellant or appellee, who only took the generator to deliver it to appellee. An air of mystery surrounds the whole affair, which could be dispelled by a proper investigation of the facts. In a case of conversion the circumstances under which the property is taken are very important, and yet very little effort was exerted in this case to inquire into such circumstances. The case has been poorly developed, and will be remanded for a full investigation.

Our former opinion is withdrawn, and our former judgment set aside, and the judgment will be reversed, and the cause remanded.