BARTLESVILLE ZINC CO. et al. v. COMPANIA MINERA YGNACIO RODRIGUEZ RAMOS, S. A. (No. 811.)

(Court of Civil Appeals of Texas. El Paso. April 11, 1918. Rehearing Denied May 9, 1918.)

1. WAR ☞14—MILITARY SEIZURE—QUESTION FOR JURY.
  In a suit for damages for conversion of cars of ore, where the defense was that the ore had been seized within the Republic of Mexico as a military necessity by Gen. Villa, being taken and sold by his fiscal agent, and there were circumstances showing the agent's private use as well as military use of the ore, the question was for the jury.

2. TROVER AND CONVERSION ☞47—DAMAGES —MEASURE OF.
  The measure of damages for ore converted is its value at the time and place of conversion.

3. TRIAL ☞208—INSTRUCTIONS—EXCLUDING EVIDENCE FROM CONSIDERATION.
  An instruction submitting the true measure of damages for conversion of ore, but not excluding inadmissible evidence of value of the ore at times other than the date of conversion, is reversible error, where it cannot be determined whether such evidence influenced the verdict.

4. APPEAL AND ERROR ☞1050(2)—HARMLESS ERROR—EVIDENCE—ADMISSIBILITY.
  In a suit for damages for conversion of ore, where the inquiry was whether or not the ores were confiscated and sold for military purposes of the army of Gen. Villa, the introduction of evidence of his mistreating prisoners, killing women, children, and Chinamen, etc., was prejudicial error.

5. TRIAL ☞208—INSTRUCTIONS—EXCLUDING EVIDENCE FROM CONSIDERATION.
  The court did not err in charging the jury not to consider the decree of Gen. Carranza confiscating ore, the conversion of which was the subject of the suit, where at such time he and Gen. Villa were acting together, and when the ore was converted they were contending with each other, and the defense claimed they were seized by Villa.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by the Compania Minera Ygnacio Rodriguez Ramos, S. A., against the Bartlesville Zinc Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. C. Walshe and U. S. Goen, both of El Paso, Ed. F. Harris, of Galveston, and Julian B. Beaty, of New York City, for appellants. Davis, Goggin & Harrington, of El Paso, for appellee.

HARPER, C. J. The Compania Minera Ygnacio Rodriguez Ramos, S. A., brought this suit against the Bartlesville Zinc Company, American Metals Company, Limited, the Compania Minera de Penoles, S. A., and Compania de Minerales de Metales, et al., for damages for the conversion of 48 cars of ore, alleging that same was taken from plaintiff in the Republic of Mexico by unknown parties, and shipped to El Paso, where it was unlawfully appropriated by defendants. The defense is that it was seized and confiscated by Francisco Villa as a military necessity—sold to parties in Mexico, from whom it was by defendant American Metals Company purchased in good faith.

The plaintiff in reply denied that the ore was taken or confiscated by any act of a sovereign state, so as to constitute it booty of a conquering army, or was taken to be used in the course of military operations, or under circumstances where danger was immediate and impending, or necessity urgent for the maintaining of the army, or the necessities of war. The cause was submitted to a jury on special issues, and upon the verdict judgment was rendered for plaintiff for $75,902.14, from which this appeal.

[1] The jury found that a civil war existed in Mexico during the time the ore sued for was taken, and that armies of soldiers led by Francisco Villa were opposed by the armies of Venistiano Carranza; that the cars of ore sued for were not taken by any force or government in possession and control of the territory where plaintiff's mine was, or by any agent of such force or government, act-

ing by authority of such government or force. Nor was it taken by Francisco Villa, or any of his agents or officers acting by his authority or directions; nor were the proceeds thereof intended for the benefit of the faction dominated by Villa.

The appellant contends that the uncontradicted evidence shows that the ore was taken under confiscation by the officers and agents of the Villa government for the use of the army. The evidence is uncontradicted that the ores were purchased from Hipolito Villa; that he was the financial agent of Gen. Villa, but we find no positive statement that these ores were taken for the use of the army. There are circumstances tending to show that they were taken for his own private use, as well as circumstances indicating that they were taken by him as the representative of Gen. Villa for the army. For this reason, we conclude that this is properly a question for the jury to determine.

[2, 3] The first, second, and third assignments urge that the court erred in admitting testimony of first, the highest market value of the ore between the date of alleged conversion and the date of trial, and testimony of the aggregate value, and as to a price agreed upon in another contract for similar ores. The measure of damages for conversion is the market value of the property at the time and place of conversion. San Antonio & A. Pass Ry. Co. v. Smith, 171 S. W. 282; Grimes v. Watkins, 59 Tex. 133. The court submitted the true measure of damages to the jury, but did not exclude by the charge testimony of the value of the ores at other times, between the time of taking and the date of trial. The evidence complained of being inadmissible, and not having been excluded, and we not being able to determine whether in fact the jury considered the improper evidence in arriving at the amount fixed as the value, these assignments must be sustained.

[4] The fourth and fifth assignments complain that it was error to permit witnesses to testify to acts of Villa, such as mistreating prisoners, killing women and children, and Chinamen, etc., upon the ground that it had no bearing upon the issues involved, and tended to inflame the minds of the jury against a confiscation by the Villa officers and agents. This is also well taken.

The jury made the finding that a state of war existed in Mexico at the time the ore was taken, and that Francisco Villa was at the head of a contending faction, so it became a material inquiry whether or not the ores were confiscated and sold by his (Villa's) officers or agents as such, for the reason that under the settled law of the United States a sale by such would convey title; so it became important that the minds of the jury be free from bias or prejudice, on account of any collateral matters in evidence, and we cannot say that such testimony did not have an improper effect upon their minds.

[5] The court did not err in charging the jury not to consider the decree of Carranza confiscating this and other property, for the reason that it was promulgated at a time when he and Villa were acting together, and at the time this ore was charged to have been seized and confiscated they had divided and each had taken the leadership of a faction, contending against each other; so it had no probative force in determining whether the ore was confiscated in fact by Villa, or his officers.

For the reasons assigned, the cause is reversed and remanded for a new trial.