Wayne ANDERSON, Appellant,

v.

Frank L. KING, Jr., Appellee.

No. 7359.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 28, 1961.

Rehearing Denied Dec. 19, 1961.

Fisher, McLaughlin & Harrison, Paris, for appellant.

Pat Beadle, Clarksville, for appellee.

DAVIS, Justice.

This is a venue case. Plaintiff-appellee sued the defendant-appellant in the District Court of Red River County for $1,720, the amount the appellant was supposed to have paid the appellee for a Dodge Pickup and a trailer that appellant bought at an auction sale at appellee's ranch. Appellant, a resident of Lamar County, was permitted to give his personal check on a Lamar County Bank and carry the property with him. It was by this means that the appellant wrongfully converted the property. As soon as the property was in Lamar County, appellant stopped payment on the check.

At the hearing on the plea of privilege, appellee proved his cause of action, and in conclusion the appellant stipulated as follows: "We stipulate in behalf of Mr. Anderson that at the time of the auction Mr. Anderson gave the check that has been introduced in evidence; but prior to its clearing the bank, he stopped payment on the check, and that he has not made subsequent payment for the equipment."

The property is still in Lamar County. Appellant takes the position that there was something wrong with the truck. He does not complaint about anything being wrong with the trailer. The auctioneer testified that at the sale he made the announcement, at least three times, that there were no warranties or guarantees of any kind on the motor vehicles. The appellant bought the pickup and trailer and promised to pay therefor. After receiving the property, he stopped payment on his check. He thereby became guilty of conversion and comes within the provisions of Sec. 9 of Article 1995, Vernon's Ann.Tex.Cir.St. 42 Tex.Jur. 518, Sec. 12; Hill v. Childers et al., Tex. Civ.App., 268 S.W.2d 203, W.R., N.R.E.; San Antonio & A. P. Railway Company v. Smith, Tex.Civ.App., 171 S.W. 282, N.W.H.

The judgment of the trial court is affirmed.